## FT. WORTH & D. C. RY. CO. v. WORSHAM.

(Court of Civil Appeals of Texas. Texarkana. July 7, 1911. Rehearing Denied Oct. 5, 1911.)

1. DAMAGES (§ 217*)—FIRES—INSTRUCTIONS.

Where, in an action against a railroad company for the destruction by fire of grass and turf, fencing, buildings, and growing timber, the petition demanded judgment in a specified sum for the posts and wire making up the fence as materials destroyed, and the evidence showed the value of the posts and wire as materials distinct from any injury to the land, an instruction that the measure of damages for the turf and the buildings and timber was the difference in the value of the land immediately before and after the fire, not considering the value of the grass, and authorizing a recovery for the value of the fencing destroyed, was not objectionable as allowing double damages for the fencing as a part of the land and as independent thereof.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 556–559; Dec. Dig. § 217.*]

2. DAMAGES (§ 217*)—FIRES—INSTRUCTIONS.

It was not affirmatively erroneous to charge the jury to value the actual loss of the fencing material at the time of the fire as separated from the land.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 556–559; Dec. Dig. § 217.*]

3 APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Where, in an action for the destruction by fire of grass on pasture land, there was evidence that $1 per acre was the reasonable value of the grass at the time of the loss, and the amount of the verdict was not objected to as excessive, the error, if any, in admitting in evidence a contract between the parties binding defendant to pay $1 per acre for all grass burned for a fireguard, offered in reply to evidence of defendant as to what others had been paying for the rental use of grass lands, was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Action by W. B. Worsham against the Ft. Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Allen & Allen, Taylor, Jones & Humphrey, Spoonts, Thompson & Barwise, and J. M. Chambers, for appellant. Davis & Thomason, J. C. Chesnutt, and P. M. Stine, for appellee.

LEVY, J. The suit was for damages for negligently destroying by fire the grass and turf upon 6,391 acres of pasture land, and the fencing, corncrib, hay, oats, and growing timber situated on the land.

The first assignment complains of a portion of the court's charge on the measure of damages. The part assailed reads: "If you find a verdict for the plaintiff under the evidence and charges given you by the court, you will assess his damages, if any, as follows: * * * (b) If you find from the testimony that the grass roots and turf from which the grass itself was burned, as alleged by plaintiff in his petition, and the crib and timber of plaintiff as alleged by him in his petition, were injured or destroyed through the negligence of defendant as alleged, then you will assess plaintiff's damages for such injury, if any, at the difference in value, if any, of the land immediately before and immediately after the fire, not taking into consideration the value of the grass; (c) for

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

any fencing you may find to have been destroyed by negligence of defendant by fire, as alleged by plaintiff in his petition, you will assess his damages, if any, at the actual value of same at the time of its destruction, if it was destroyed as alleged by plaintiff in his petition."

[1] The point presented for error is that, as by the charge the loss of the difference in the value of the land measured the damages suffered and was allowed as a recovery, the loss of the fence was thereby included, and to further authorize a specific recovery for the fencing, as severed from the land, was to authorize the jury to assess damages twice for the fence. The petition sued for the posts and wire making up the fence as materials destroyed in the actual value at the time of $780; and the proof offered was as to the value of such posts and wire as materials as distinct from any injury to the land. Depreciation in the market value of the land, or for permanent injury done to the land by destroying the fence as an inclosure of the premises affecting its use, was not claimed. As seen by the charge, the jury were being instructed, and they would and should reasonably have so interpreted it, to first estimate the value of the premises with the crib, timber, and turf on it immediately before the fire, and the value of the premises immediately after the fire without these, then secondly and separately ascertain and find the actual value of the fencing material at the time destroyed. Their verdict was returned made up of items, and the value of the fencing material destroyed, as directed, was separately found. We do not think it could reasonably be said that the charge was misleading and confusing to the jury.

[2] It was not affirmative error to so charge the jury, to value the actual loss of the fencing material at the time as separated from the land. Baker v. Mims, 14 Tex. Civ. App. 413, 37 S. W. 190; Railway Co. v. Chittim, 31 Tex. Civ. App. 40, 71 S. W. 294. The assignment is overruled.

[3] The second assignment complains of the ruling of the court as to the admission of certain evidence. The appellee insists that the objection to the evidence as made here is not the precise objection as made to it in the court below. His contention has foundation in the bill of exception. Appellee was asked to state whether or not he had a contract with appellant by which it could maintain a fireguard on his land adjoining the right of way, and, if so, to state how much he was to be paid for the grass so burned by appellant. Appellee, over objection, answered that he had such a contract for the year 1907–08, and that he received the agreed sum of $1 per acre for all grass burned. Appellee alleged that he had a contract, and that under the terms of the contract appellant had contracted to burn a fireguard across 200 feet, and failed to do so. Construing appellant's point here made as being that the evidence is not competent on the ground that the price paid for grass at the time testified to is too remote in time to show its value at the time of the loss in suit, then it would be the same objection as made below. And so interpreted the assignment should be, we think, overruled, as not in the record presenting reversible error. The contract reached through the year 1908, and the pay of $1 per acre for grass burned was, we must take it, in the year 1908. The loss in suit occurred in January, 1909. It further appears in the record that there was evidence, outside of this evidence, going to show that $1 per acre was the reasonable value of the grass at the time of loss. It was the reasonable value of the grass that was being ascertained. Besides, it appears in the record that this particular evidence was offered in reply to evidence by appellant as what others had been previously paying for the rental use of grass lands in the vicinity generally. In the absence of any complaint, as here, of the amount of the verdict, we must assume that the amount awarded was the reasonable value of the grass destroyed. In this assumption it would appear that this particular evidence did not operate to the prejudice of appellant, and should not therefore constitute reversible error.

The judgment was ordered affirmed.