**David and Sue WININGHAM, Plaintiffs,**

v.

**ANHEUSER–BUSCH, INC. and Airship International Ltd., Defendants.**

**A. No. 4:93–CV–261–Y.**

United States District Court, N.D. Texas, Fort Worth Division.

Aug. 9, 1994.

**1020**

Andrew Ottaway, Granbury, TX, for plaintiffs.

George Steven McCall, Gary Don Swaim, Irving, TX, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MEANS, District Judge.

Pending before the Court is Defendants' Motion for Summary Judgment, which was filed in the above-styled and numbered cause on March 3, 1994. Also pending before the Court is defendant Anheuser–Busch, Inc.'s Motion for Summary Judgment, which was filed on October 7, 1993. After carefully considering these motions, Plaintiffs' responses thereto, the summary judgment evidence, and the applicable law, the Court finds that the March 3 motion for summary judgment should be granted and that the October 7 motion therefore should be rendered moot.

David and Sue Winingham ("Plaintiffs") purchased several male and female ostriches in late 1991, hoping to breed them profitably on property they owned in Granbury, Texas. Under the terms of an advertising contract between Airship International Ltd. ("Airship") and Anheuser–Busch, Inc. ("Anheuser"), Airship piloted an airship around the country exhibiting advertising for Anheuser. On May 13, 1992, in the middle of ostrich breeding season, the airship was forced due to inclement weather conditions to divert from its intended route and seek mooring in Granbury. En route, the airship flew over Plaintiffs' property. Plaintiffs allege that as the airship passed over their property, its loud noise and frightening appearance startled their ostriches, causing them to run

wildly about in their enclosures and bump repeatedly into the fences of their pens, resulting in injury. Plaintiffs further allege that the fly-over so scared the birds that they ceased exhibiting the amorous behavior associated with the onset of the breeding season. The males did not puff themselves up and strut around the pens, announcing their romantic intentions; the hens did not extend their wings and drop, fluttering, to the ground, as they had only one day before the fly-over. Plaintiffs allege that the birds' apparent lack of interest in procreation for the remainder of the 1992 breeding season was caused by their unnerving experience with the airship. In 1993, however, the birds' courtship resumed.

Plaintiffs' amended complaint seeks actual and exemplary damages, attorney's fees, court costs, and interest for what they believe to be Defendants' gross negligence in allowing the airship to fly over their property at an unreasonably low altitude. Plaintiffs' amended complaint seeks compensation for the lost profits they might have earned had an average number of healthy baby ostriches resulted from the 1992 breeding season. Plaintiffs allege that if the fly-over had not occurred, they would have been able to sell twenty-seven chicks for $5,500 each, for a total of $148,500.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only where there exists no genuine issue of material fact. See Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where the party seeking summary judgment does not bear the burden of proof, it need only show that the nonmoving party cannot establish the existence of an element necessary to that party's recovery. *Id.* at 323, 106 S.Ct. at 2552–53. The mere existence of some factual dispute is not a basis upon which to deny summary judgment; the disputed facts must be material, that is, they must affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

When hearing a case based on diversity jurisdiction, as is this Court in the instant case, the district court must apply state law on substantive, or outcome-determinative, questions. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, Texas negligence law should be applied to the facts of this cause.

■ Under Texas law, a plaintiff seeking to recover under a negligence theory must prove that the defendant owed a duty of care to the plaintiff and that the duty was breached, causing damage. *Hayes v. United States,* 899 F.2d 438, 443 (5th Cir.1990); *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). A negligent act is only actionable when it results in injury to another. *See Nelson v. Krusen,* 678 S.W.2d 918, 929 (Tex.1984) (Robertson, J., concurring) (citing *Johnson v. Sovereign Camp W.O.W.,* 125 Tex. 329, 83 S.W.2d 605, 608 (1935)), *overruled on other grounds Doctors Hosp. Facilities v. Fifth Court of Appeals,* 750 S.W.2d 177, 179 (Tex.1988). The injury to the plaintiff is said to be the gravamen of the grievance. 53 Tex.Jur.3d § 16, p. 382 (1987).

■ Texas courts have held that physical injury to livestock can result in an award of damages upon a finding of negligence. *See, e.g., Miller v. Maples,* 278 S.W.2d 385 (Tex.Civ.App.—Amarillo 1958, no writ) (recovery allowed for physical injury to turkeys caused by fright as a result of a low-flying airplane). Damages for injury to livestock are calculated in the same manner as are damages to any other personal property: the plaintiff may recover the difference between the market value of the animal before and after the injury. 3 Tex.Jur.3d § 86, p. 586–87 (1980). However, Texas law disallows recovery where speculation about the value of unborn offspring is required. *See Nationwide Horse Carriers, Inc. v. Johnston,* 519 S.W.2d 163, 168 (Tex.App.—Houston [1st Dist.] 1974, *writ ref'd n.r.e.*) (the unborn animal has no value apart from that of its mother) (citing *Texas & P. Ry. Co. v. Randle,* 44 S.W. 603, 605 (Tex.Civ.App.1898, *no writ*); *Baker v. Mims,* 14 Tex.Civ.App. 413, 37 S.W. 190, 191 (1896, *no writ*)).

■ In their combined motion for summary judgment, Defendants contend that Plaintiffs cannot make out a viable cause of action for negligence because they have failed to plead and provide proof of any physical injury to the ostriches. Plaintiff David Winingham's deposition testimony indicates that there was no physical injury to the birds:

Q: Now, with regard to the ostriches, the pair that ... had laid [eggs] prior to this incident, you're not claiming that either one of them was injured in this incident, are you?

A: Injured to the point that it scared the starch out of his britches....

Q: My question to you: They weren't physically injured, you just say they were scared?

A: Yeah.

Q: And none of your ostriches were physically injured as a result of this incident other than their fright; is that right?

A: Yeah. If they were injured, it—it wasn't visible.

Q: And as—you never treated them for any physical injury—

A: No.

Q: —did you?

A: No.

(Ex. A. to Def.s' March 3 Mot. for Summ. J. at 19–20). Mr. Winingham proceeded to testify that although he had consulted a veterinarian, the veterinarian did not examine the birds to determine whether they had in fact sustained anything other than a good scare and a temporary loss of sexual appetite. (Ex. to Pl.s' Resp. to Def.s' March 3 Mot. for Summ.J. at 20–21). Indeed, in the 1993 breeding season, the flame was apparently rekindled. (Ex. A to Def.s' March 3 Mot. for Summ.J. at 47–48). The Court finds that Plaintiffs have failed to show the existence of a genuine issue of material fact regarding whether the birds sustained a physical injury as a result of Defendants' actions.

■ Defendants further argue that recovery of the specific lost-profit damages sought by Plaintiffs is inappropriate because they are too speculative. Defendants assert that lost-profit damages are only appropriate

when a business has an established record. Defendants urge that Plaintiffs' ostrich-raising business was not sufficiently established at the time of the incident in question to show that such damages are appropriate. While the Court finds merit in this argument, the more basic question for summary judgment purposes is whether, assuming Plaintiffs' business was sufficiently established, Texas law allows recovery for the type of lost-profit damages Plaintiffs seek. In light of consideration of the cases cited above, the Court answers this question in the negative. Although Defendants' counsel laid an egg by overlooking the offspring recovery issue, this Court will not bury its head in the sand and ignore clear Texas precedent. Plaintiffs simply cannot recover the value of the offspring they estimate would have been produced but for the airship invading their ostriches' conjugal nest at the height of breeding season. *See id.* at 168–69.

Plaintiffs have failed to show the existence of a material factual dispute regarding whether Defendants' actions caused a physical injury to the birds resulting in a decline in their market value. For such an injury, damages could be recovered. Plaintiffs' only proof of injury to the birds, however, is that they lost that loving feeling during the remainder of the 1992 breeding season. Texas courts have not seen fit, however, to fashion a remedy for such harm, and this Court is not free to hatch one. Nothing in Plaintiffs' summary judgment evidence raises a genuine issue of material fact regarding whether the birds' market value decreased as a result of a physical injury caused by Defendants' negligence, which is the only theory under which Texas law allows recovery. Thus, even if every one of Plaintiffs' factual allegations is correct, the damages claimed are considered too speculative under Texas law to permit recovery.

██ Finally, since the actual damages sought by Plaintiffs cannot be awarded, exemplary damages also cannot be had. Exemplary damages may not be recovered unless the plaintiff is shown to have sustained actual loss or injury. *See 1488, Inc. v. Philsec Inv. Corp.,* 939 F.2d 1281, 1291 (5th Cir.

1991); *City Prods. Corp. v. Berman,* 610 S.W.2d 446, 450 (Tex.1981).

It is, therefore, ORDERED that Defendants' March 3, 1994 motion for summary judgment should be and is hereby GRANTED.

It is further ORDERED that defendant Anheuser's October 7, 1993 motion for summary judgment should be and is hereby RENDERED MOOT.

A final judgment consistent with this memorandum opinion and order will issue this same day.

SO ORDERED.