BAIN PEANUT COMPANY OF TEXAS v. PINSON AND GUYGER.

Application No. 17123.  Motion No. 9436.  Decided January 29, 1931.
(34 S. W., 2d Series, 1090.)

*Walter A. Keeling, Bryan, Stone, Wade & Agerton, B. G. Mansell,* and *George E. Smith,* for motion.

*Callaway & Callaway,* for defendants in error.

Mr. Justice GREENWOOD delivered the opinion of the court.

Plaintiff in error has filed a motion for an order nunc pro tunc correcting the order heretofore entered by this Court dismissing its application for a writ of error.

It is true, as contended by plaintiff in error, that its failure to file an application for writ of error within thirty days from July 12, 1929, on which date the Court of Civil Appeals vacated its initial judgment and entered a more onerous judgment against plaintiff in error, was not regarded as defeating the jurisdiction of the Supreme Court to revise by writ of error such more onerous judgment. In our opinion, the Court of Civil Appeals clearly acted within the scope of its lawful authority on July 12, 1929, when, on motion seasonably filed, it vacated its initial judgment. There then remained subject to review or enforcement only the judgment of July 12, 1929. Whatever errors were to be corrected were those arising from that judgment on the rehearing in the Court of Civil Appeals. The rule is established in Texas that a party's petition for writ of error to the Supreme Court must be filed within thirty days from the date on which his motion for rehearing was overruled in the Court of Civil Appeals. Schleicher v. Runge, 90 Texas, 456;

Vinson v. Carter & Brother, 106 Texas, 274; Henningsmeyer v. Bank, 109 Texas, 117. Nevertheless, each time the Court of Civil Appeals, on motion or motions duly filed, validly vacates its previous judgment or judgments and substitutes therefor a different valid judgment against a party, he is thereby entitled to seek correction, through rehearing, of such different judgment, and it is not compulsory that he invoke the jurisdiction of the Supreme Court earlier than within thirty days from the overruling of his last motion for rehearing. Our statutes contemplate that a case should be reviewed by the Supreme Court at the instance of one party not piecemeal but as an entirety. Hence, it is only when the jurisdiction of the Court of Civil Appeals has terminated by overruling a party's permissible motion or motions for rehearing and thus leaving its judgment in the form it directs that it be finally enforced against him, that the period of thirty days for him to invoke the jurisdiction of the Supreme Court under writ of error begins finally to run.

In the above cited case of Henningsmeyer v. Bank, the Court called attention to the fact that it did not question the authority of the Court of Civil Appeals to set aside a former order and enter an entirely different order, but the ruling was that no effect would be given to such action when taken for no other purpose than to permit an application for writ of error to be filed after lapse of the statutory time.

Regarding the last judgment as that complained of, since the first was already vacated, the Court considered plaintiff in error's application as presented in due time under its practice stated in 3 Texas Jurisprudence, section 175, as follows:

"When the order complained of is not made until the rehearing in the Court of Civil Appeals it is necessary for the complaining party to make a further motion for rehearing if he would in the Supreme Court urge as erroneous the order complained of; for, in the light of the rules of the Supreme Court, the motion for rehearing, to form the basis for a consideration in the Supreme Court, must be predicated upon the judgment or order of the Court of Civil Appeals actually deciding the matters complained of."

While regarding the application for writ of error as filed within the proper and statutory time, we intended and did dismiss the application for want of jurisdiction under Article 1728 as amended by Acts 1927, 40th Legislature, page 214; Article 1728, Complete Texas Statutes of 1928, having concluded that while the case otherwise came within the potential jurisdiction of the Supreme Court, it

was a case where the judgment of the Court of Civil Appeals was a correct one, but we were not satisfied that the opinion of the Court of Civil Appeals had in all respects correctly declared the law. For that reason, it was the Court's duty, under the statute, to refuse to take jurisdiction and to dismiss the case for want of jurisdiction.

Because the order entered on the minutes correctly reflects the action of the Court, the motion of plaintiff in error is overruled.