CORA JOHNSON V. SOVEREIGN CAMP WOODMEN OF THE WORLD.

No. 6684. Decided May 28, 1935.
(83 S. W., 2d Series, 605.)

330

*A. E. Wilson, Callaway & Callaway,* all of Brownwood, for plaintiffs in error, Cora Johnson et al, and *Woodruff & Holloway,* of Brownwood, for plaintiff in error, First National Bank of Brownwood.

*McCartney & McCartney,* of Brownwood, for defendant in error.

MR. SPECIAL CHIEF JUSTICE OWSLEY delivered the opinion of the court.

On the 5th day of October, 1898, the Sovereign Camp Woodmen of the World, through its Subordinate Camp No. 45 at Brownwood, Texas, issued to J. D. Johnson, the husband of Cora Johnson, plaintiff in the trial court, its Beneficiary Certificate payable to said Cora Johnson for $2000.00. At the time of the issuance of said Certificate the said J. D. Johnson and wife lived in said town of Brownwood and they continued to so live until the year 1908 when they removed from Brown County and continued to live elsewhere until the death of the said J. D. Johnson which occurred on the 11th day of January, 1930.

During the time J. D. Johnson and wife so lived in Brownwood all dues and assessments necessary to keep said certificate in full force were paid through the First National Bank of Brownwood and, upon leaving there, J. D. Johnson made an arrangement with the Clerk of the said Brownwood Camp No. 45 to keep on deposit in said First National Bank sufficient money to pay all required dues and assessments on said certificate so that said Clerk would each month present the official receipt showing the amount of such dues to the bank and the bank would accept said receipts and pay said Clerk the amount called for therein and place such receipts among the cancelled checks of J. D. Johnson. That arrangement was observed and acted upon by all of the parties, through a period of more than twenty years, from 1908 until the month of October 1929 during all of which time the dues and assessments of J. D. Johnson, $2.20 per month, were paid by said Bank to the Clerk of said Brownwood Camp.

From about the year 1923 until his death on the 11th day of January 1930 the said J. D. Johnson and his wife lived at Vance in Real County about 200 miles from Brownwood. During that time they were both teaching in the schools at Vance and they usually spent their summer vacation in Brownwood where they owned real property. During one of those visits in the summer of 1929 Mrs. Johnson advised the First National Bank in Brownwood that, on account of her husband's failing health, she, from that time would be compelled to attend to writing all checks and attend to all of their business affairs.

In August 1929, while Johnson and his wife were so in the City of Brownwood, the said Bank, for some cause, notified B. H. Garrett, who was then Clerk of said Local Camp No. 45 and who had been such for ten years, that it would not further honor his receipts for payment of Woodmen dues, as it had been doing without written authority from the member so to do, but the said Bank would give the Clerk time to notify the members and secure written authority for payment before putting that plan into effect. Though Johnson and his wife were in Brownwood at the time and the Bank was advised of the condition of his failing health, they were not advised by either the Bank or said Garrett of the Bank's changed attitude and they returned to Vance without any knowledge of the Bank's demand for a new arrangement.

The Clerk, B. H. Garrett, mailed to Johnson and wife a printed card to be signed by Johnson authorizing the Bank to make payments but, as they only desired the Bank to pay the dues and assessments and they thought it gave too much authority they declined to sign the card and Mrs. Johnson wrote and mailed to the Bank a letter authorizing the Bank to pay the dues and assessments on presentation of the Clerk's receipts. That letter was either not received or was overlooked by the Bank. The Clerk Garrett, claimed that he mailed that card on the 10th day of August 1929 while Mrs. Johnson testified that it was not received by her until about the middle of October, 1929.

About the 13th day of August 1929 the said Clerk presented to the Bank his receipt for $2.20 covering the dues and assessment for the month of August and it was promptly paid by the Bank. The dues for the month of September were likewise paid by the Bank on the 20th day of September, 1929, but when the Clerk presented his receipt for the October dues the Bank refused payment and the dues for November and December were never paid. While there is a conflict between the testi-

mony of the Clerk and that of Mrs. Johnson on that issue, we feel bound by the findings of the trial court to the effect that the Clerk never notified Johnson and his wife that the Bank had failed to make those payments and that they acted in good faith believing that the payments had been made without being advised otherwise until after the death of J. D. Johnson.

The Constitution and By-Laws of the Sovereign Camp Woodmen of the World provided that the Sovereign Clerk shall be the Recording, Corresponding and Accounting Officer of the Sovereign Camp and, as soon as the required monthly report has been received from a camp, he shall mail a letter to the last known address of any member reported as suspended by said report, informing him of the laws of the Society to become reinstated. The address of Johnson and his wife at Vance was well known but no notice was ever mailed to him by the Sovereign Clerk. During all of the time J. D. Johnson was away from Brownwood he kept a deposit in said First National Bank and, at the time the Bank refused such payments he had over $300.00 there to his credit.

Mrs. Cora Johnson filed this suit in the District Court of Brown County against the Sovereign Camp Woodmen of the World and, in the alternative, against the First National Bank of Brownwood, Texas, to recover on the Beneficiary Certificate for $2000.00 issued to her husband, Jonathan D. Johnson, on October 5th, 1898, as aforesaid, alleging that her husband died on the 11th day of January, 1930.

The Sovereign Camp Woodmen of the World, in its Answer, alleged that the Beneficiary Certificate had lapsed and become void because of the nonpayment of dues for the months of October, November and December 1929 while Mrs. Johnson, the plaintiff, contended that the Woodmen of the World was estopped to claim a forfeiture on the Certificate.

Upon trial of the case before the Court, without a jury, judgment was rendered in favor of Mrs. Johnson against the Sovereign Camp Woodmen of the World for the sum of $1212.-68, (it being agreed that such amount was due upon the Certificate if it was in force), and it was further ordered, adjudged and decreed that the said plaintiff take nothing against the First National Bank of Brownwood, Texas.

From that Judgment the Woodmen gave notice of appeal and, making the First National Bank of Brownwood a party thereto, in due form perfected its appeal to the Honorable Court of Civil Appeals of the Third Supreme Judicial District. The plaintiff, Cora Johnson did not appeal from the judgment

in favor of the Bank and she has made no assignment of error.

For a reversal of the judgment of the trial court the Woodmen relied, principally, upon two grounds:

(1) That because of its By-laws and Constitution the Clerk of the Local Camp could not, by any act or omission, estop the head Camp, since acts of said Clerk could not be binding upon said Head Camp;

(2) Admitting all of the facts claimed and proven by the plaintiff to be true such facts were not sufficient, as a matter of law, to constitute an estoppel as against said Woodmen order. Against the first contention the Court of Civil Appeals held that, being expressly authorized to collect dues and assessments from members while so in the discharge of such duties the Sovereign Camp was bound by his acts, but, on the second ground reached the conclusion that the trial court erred in holding that the conduct of the Local Clerk was sufficient to raise an estoppel.

On the 31st day of May 1933 the Court of Civil Appeals, in pursuance of its opinion rendered judgment that the judgment of the trial court be reversed and the cause remanded in accordance with the opinion of the Court of Civil Appeals in which it was held that, as the plaintiff, Mrs. Johnson, had not appealed from the judgment in favor of the Bank, that portion of the judgment was not before the Appellate Court for review.

On the 29th day of July 1933 entered another order expressly affirming the judgment of the trial court in so far as it denied recovery against the Bank, holding that, as the judgment in favor of the Bank had not been appealed from and no complaint had been made thereof, the judgment should be so clarified as to not require a new trial as to the Bank.

On the 11th day of August 1933, moving the Court to set aside its judgment of July 29th, 1933, the Appellee, Cora Johnson, plaintiff in the trial court, filed a Second Motion for Rehearing in which she prayed that the judgment of the trial court in favor of the Bank be set aside and the cause be remanded for a new trial as to all of the parties.

From that judgment the First National Bank of Brownwood and the Appellee, Cora Johnson, by applications made in due form, applied to the Supreme Court for Writs of Error, which, for reasons manifest upon the record have been granted.

It is contended by the First National Bank of Brownwood, as properly presented in Assignments of Error, that the Court

of Civil Appeals erred in reversing the judgment of the trial court in favor of the Bank and remanding the cause generally for the reasons:

(1). The filing of Mrs. Johnson's application for writ of error operated as an abandonment of her Second Motion for Rehearing and vested the jurisdiction of the case in the Supreme Court so that the Court of Civil Appeals had no further jurisdiction of the cause;

(2). Mrs. Johnson took no exception in the trial court to the judgment in favor of the Bank, she did not appeal from it and assigned no errors in the action of the trial court.

On the 28th day of August, 1933, while her Second Motion for Rehearing was still pending and undecided, the Appellee, Mrs. Johnson, filed with the Clerk of the Court of Civil Appeals her Application for Writ of Error to the Supreme Court, in which Application no complaint is made of the action of the Court of Civil Appeals in affirming the judgment of the trial court in favor of the Bank. That Application for Writ of Error was filed in the Supreme Court on the 21st day of November, 1933.

Mrs. Johnson, plaintiff in the trial court, in her pleadings, set up in the alternative, an independent cause of action against each of the defendants. After the long course of dealing between Johnson and the Bank in which he relied upon the Bank to pay his dues and keep his certificate alive, when the Bank knew that he had grown old and was in failing health and his certificate was liable to forfeiture, it owed him the duty to inform him of its action in refusing payments, without trusting to the Clerk of the Woodmen, and thus protect him from loss and the failure of the Bank to discharge that duty was negligence. If as the result of such negligence, without any fault on the part of the Woodmen, there had been a forfeiture of the certificate the Bank would have been liable for the resulting damage. An action for negligence can not be maintained unless some damage has resulted therefrom. The trial court found that the Sovereign Camp Woodmen of the World was estopped from asserting a forfeiture and no loss had resulted from the negligence of the Bank and properly rendered judgment discharging the Bank from liability.

1   As Mrs. Johnson did not except to the judgment of the trial court in favor of the Bank or appeal from it she cannot now be heard to call it in question. The authorities cited by the Bank on this proposition sustain its contention. International & G. N. Ry. Co. v. Haman, 173 S. W., 613; Doolen v. Hulsey,

192 S. W., 364; Pecos & N. T. Ry. Co. v. Holmes, 177 S. W., 505; San Antonio Water Supply Co v. Castle, 199 S. W., 300.

2   When Mrs. Johnson's Application for Writ of Error was filed with the Clerk of the Court of Civil Appeals the jurisdiction of the Supreme Court immediately attached and thereafter the Court of Civil Appeals was without authority to make any order in the case.   Its judgment purporting to sustain the Second Motion for Rehearing and remanding the whole case was without effect.   Smith v. Patton, 241 S. W., 109; Wagner v. Garrett, 114 Texas, 362, 269 S. W., 1030.   For these reasons the Assignments of the First National Bank of Brownwood must be sustained.

The case of Sovereign Camp Woodmen of the World has been submitted in an exhaustive Brief, carefully prepared and displaying marked ability and commendable diligence and zeal on the part of its authors, commanding our admiration.

3   Its first four Assignments of Error assert alleged errors of the trial court in overruling its General and Special Exceptions to the Plaintiff's Petition but after a careful consideration we have not discovered any substantial error in the ruling of the court and those Assignments are overruled.

Its 6th, 7th, 8th, 9th, 10th, 11th, and 12th Assignments present alleged errors committed by the trial court in admitting certain evidence herein referred to but, while a careful examination reveals some very nice and delicate questions, we are unable to say that the trial court erred therein and those Assignments are overruled.

The Fifth Assignment to the effect that the trial court erred in rendering judgment in favor of the plaintiff against the Woodmen for the reason that it was necessary for J. D. Johnson to make the monthly payments to keep the certificate in force and the undisputed evidence shows that no such payments were made for the months of October, November and December, 1929, presents the vital issue upon which the case must be decided.

4   The Court of Civil Appeals properly held that while the Clerk of the Local Camp at Brownwood was special agent with limited powers he was expressly authorized and it was made his duty to collect dues and assessments from the members and while he was discharging such duty the Woodmen was bound by his acts.

That Court, however, reached the conclusion that the trial Court erred in holding that the conduct of the Local Clerk was

sufficient to raise an estoppel and that leads us to a consideration of the facts, the relation of the parties with the circumstances surrounding them and the law of Estoppel.

The Beneficiary Certificate herein sued upon was issued to J. D. Johnson on the 3rd day of October, 1898 while he and his wife, Cora Johnson were living in Brownwood. They moved from Brownwood in 1908 and finally to Vance in Real County where they taught school but returned to Brownwood each Summer on vacation. During all of the time, from 1908 until the death of J. D. Johnson on the 11th day of January, 1930, he kept a substantial sum of money on deposit in the First National Bank of Brownwood and for more than twenty years the Clerk of the Local Camp each month presented to the Bank a receipt for the dues for the month and it was promptly paid by the Bank.

That had been the custom of B. H. Garrett in collecting Johnson's dues during the ten years he had been Clerk of the Local Camp. Some time in July 1929 Garrett was notified by the Bank that after the First day of August the Bank would no longer pay dues upon his receipts without written authority from the members. The Bank furnished him Johnson's address and he claimed that about the 6th day of August 1929 he mailed to Johnson a circular letter explaining the Bank's action and enclosing a printed card for Johnson's signature. Mrs. Johnson testified that they received such a letter but she was positive it was about the middle of October 1929 and they declined to sign the card and wrote and mailed a letter to the Bank directing it to pay the dues as the receipts were presented. Garrett heard nothing further from Johnson or his wife. The dues for August and September were paid by the Bank upon presentation of the receipts but about the last of October, 1929, he presented the receipt to the Bank for the October dues and the Bank refused to honor it. He presented it again about the 10th day of November and, payment being refused he recorded Johnson as suspended. After writing the letter to the Bank in the latter part of October Johnson and his wife received no word from either the Bank or the Woodmen. Mr. Garrett did not in any way advise them that the dues for October, November and December were not paid and Mrs. Johnson never knew they had not been paid until after the death of J. D. Johnson.

5 The able attorneys representing the Woodmen strenuously contend that the acts of B. H. Garrett, Clerk of the Local Camp, at Brownwood, do not amount to an estoppel and that

the judgment of the Court of Civil Appeals should be affirmed but we are compelled to differ with them.

To assume that, after paying the assessments and dues for more than twenty years and Johnson had grown old and his health had become seriously impaired, they knowingly permitted the certificate to lapse for the want of the small payments is unreasonable. The circumstances all go to support the claim of Mrs. Johnson that they relied upon the Clerk to collect the dues each month from the Bank as he had done.

For ten years Garrett had collected the dues from the Bank on presentation of the receipts and, when the Bank refused further payments without special authority, it was his duty to see that Johnson had notice of the Bank's action. If he wrote a letter enclosing a card, either in August or October, and he received no reply his duty was not discharged. In other ways notice could have been given to save the certificate from forfeiture. John T. Gates, Secretary of the Sovereign Camp, testified that J. D. Johnson, not having paid the October assessments by the 31st day of October 1929 the certificate was suspended and became void. The by-laws made it his duty as soon as the required monthly report had been received from the Local Camp showing a member suspended to mail a letter to the last known address of such member. It appears that he neglected to discharge that duty.

To establish an estoppel in this cause we are not required to find that the Local Clerk, Garrett, acted wilfully with intent to cause a forfeiture of the Certificate. The facts show that he knew that for many years Johnson's dues and assessments had been paid through that Bank on presentation of his receipts, he knew that Johnson had grown old and it was important for him to keep the certificate alive, and when the Bank refused payment, it was his duty to notify Johnson in time to prevent a forfeiture. Johnson relied upon him and the Bank and his silence caused Johnson to feel secure. "From pure but misleading silence, coupled with a duty to speak, an estoppel will arise." Bigelow on Estoppel, 565; Burnett v. Atteberry, 105 Texas, 119, 129, 145 S. W., 582.

The Sovereign Camp Woodmen of the World was estopped from claiming a forfeiture of the Certificate and the trial court was right in so holding.

6    Article 4831a, Revised Statutes, enacted by the 42nd Legislature in 1931, subjecting Fraternal Benefit Association to liability for a penalty of twelve per cent of the loss together with reasonable attorneys' fees in case of failure to pay a loss

within sixty days after demand therefore, did not take effect until in 1931, after the death of J. D. Johnson which occurred in January 1930 and, as Article 4736, Revised Statutes, rendering Insurance Companies liable for a penalty of twelve per cent of the amount of the loss with all reasonable attorneys' fees in case of failure to pay a loss within thirty days after demand therefor, the law in force at the time of Johnson's death, did not apply to Fraternal Benefit Associations, of which the Sovereign Camp Woodmen of the World is one, the trial court was correct in so holding and in refusing to render judgment for the penalty and attorneys fees prayed for in the Plaintiff's Petition.

For the reasons above shown the judgment of the Honorable Court of Civil Appeals is reversed and the judgment of the trial court in all things affirmed and all costs herein incurred are taxed against the Sovereign Camp Woodmen of the World.

Opinion delivered May 28, 1935.