## TRICO OIL CO. v. PELTON et al.

### No. 13715.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 30, 1938.

Rehearing Denied Oct. 28, 1938.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellant.

Clay Cooke, of Fort Worth, for appellees.

BROWN, Justice.

Appellees come to us with a motion to certify based on what they allege is a conflict between the decision of this court in the instant suit and that of the Court of Civil Appeals for the Dallas District in the case of Compton v. Trico Oil Co. et al., 120 S.W. 2d 534. Our opinion is found in 114 S.W.2d 1209.

There can be no such conflict as the statute contemplates because the decision in the case before the Dallas Court is not final, a motion for rehearing being as yet undisposed of, and because the decision in such case was rendered long after this court handed down its opinion, and after appellees had applied for a writ of error and such application had been dismissed by the Supreme Court.

Furthermore, the deed of conveyance under consideration by the Dallas Court is not similar to that we had before us, and the Dallas Court said, with respect to its opinion and ours: "Neither do we consider that our conclusions in the instant case are in conflict with the only issue decided in Trico Oil Co. v. Pelton et al., Tex.Civ.App., 114 S.W.2d 1209. The decision there hinged upon the nature of the instrument sued upon as containing features of warranty, Judge Brown [meaning the Court of Civil Appeals for the Fort Worth District in an unanimous decision] holding the same to be merely a quit-claim deed. All else in the case last cited as to the $7,000 oil payment, the nature and character of such instrument, and the rights of Blankenship thereunder, are not necessarily pertinent to the point there decided; nor do we consider the same in any wise binding on this court in the construction of another and different written assignment."

Thus it will be seen that the Dallas Court strenuously contends that its decision is not in conflict with ours.

Be that as it may, we adhere to the pronouncements made in our opinions rendered on the merits heretofore, and we do not consider the statements in the opinion of the Dallas Court in anywise binding on this court in the case before us.

Furthermore, in connection with the reply to the motion to certify, appellant attaches a certificate from the Supreme Court of Texas, made by two of the justices, in which the following language is used in connection with appellees' application for a writ of error considered by the Supreme Court:

"On the 25th day of May, 1938, this court dismissed W. O. J. application of the plaintiffs in error for a writ of error in this cause, and on the 15th day of June, 1938, this court overruled motion for rehearing filed herein by the plaintiffs in error.

"The action of this court was taken, not because this court did not have potential jurisdiction of this cause, but because this court was, and is, of the opinion that the judgment entered by the Court of Civil Appeals in this cause was correct. Such action was had by authority of Subdivision 6, Section 1, Chapter 144, page 214, Acts of the Fortieth Legislature, Article 1728, R.C.S. 1925, as amended, Vernon's Ann.Civ.St. art. 1728, subd. 6. See Bain Peanut Co. of Texas v. Pinson and Guyger, 119 Tex. 572, 34 S.W.2d 1090."

It affirmatively appears to us that we have no jurisdiction over the subject matter.

■ We disposed of the case and the Supreme Court, on application for a writ of error, has concluded that the judgment rendered by this court is correct.

The Supreme Court dismissed the application for want of jurisdiction, under the provisions of Article 1728, Revised Civil Statutes, and the certificate so discloses.

The motion to certify is overruled.

On Motion for Rehearing of Motion to Certify.

■ Heretofore, we overruled the motion of appellees, in which they insist that we should certify this cause to the Supreme Court because of a conflict in our opinion on the merits and that of the Dallas Court of Civil Appeals, in a somewhat similar suit.

It now appears that, after we entered such judgment and order, appellees—as they had the right to do and privilege of doing—presented a motion before the Supreme Court of Texas, asking leave of that court to be permitted to file a petition for a writ of mandamus, requiring this court to certify the cause.

■ This was the proper step to take, and, if the conflict could be made to appear and merit were shown, there is no doubt but that the Supreme Court would have granted leave to file the petition; but we have been advised that the Supreme Court, on October 5th, last, made the following order on such motion: "Relators seek to have the Court of Civil Appeals of Fort Worth certify to the Supreme Court certain questions decided in Trico Oil Co. v. Pelton, 114 S.W.2d 1209, decided by that court, which they maintain are in conflict with authorities cited in the petition accompanying the motion. Motion overruled."

Accordingly, we overrule the motion for rehearing.