**Vincent F. RATCLIFF, Appellant,**

v.

**NATIONAL COUNTY MUTUAL FIRE INSURANCE COMPANY, Appellee.**

**No. 05–86–00815–CV.**

Court of Appeals of Texas, Dallas.

Jan. 6, 1988.

Les F. Weisbrod, Dallas, for appellant.

Arlen D. Bynum, Dallas, for appellee.

Before STEPHENS, HECHT and THOMAS, JJ.

## ON MOTION FOR REHEARING

HECHT, Justice.

Appellant Vincent F. Ratcliff filed an application to the supreme court for writ of error before filing a motion for rehearing. We hold that the filing of the application for writ of error divested us of jurisdiction to consider the motion for rehearing.

We are confronted with the following sequence of events:

| | |
|---|---|
| 9/25/87 | Our opinion and judgment issued, 735 S.W.2d 955. |
| 10/12/87 | Deadline for filing a motion for rehearing. Tex.R.App.P. 5(a), 100(a). |
| 10/26/87 | Ratcliff filed with the clerk of this court an application to the supreme court for writ of error, *followed by* a motion to extend the time to file a motion for rehearing. |
| 10/27/87 | Deadline for filing a motion to extend the time to file a motion for rehearing. Tex.R.App.P. 100(g). Ratcliff filed a supplemental motion to extend the time to file a motion for rehearing, with a motion for rehearing attached. |
| 10/30/87 | Ratcliff tendered an amended motion for rehearing. |
| 11/2/87 | We granted Ratcliff leave to file his amended motion for rehearing as of October 30. |

In sum, Ratcliff filed his motion for rehearing within the time allowed by us in granting his motion to extend the time, but after he filed his application for writ of error.

Ratcliff's application for writ of error was filed prematurely. The time for filing an application for writ of error runs from the ruling on the last timely filed motion for rehearing. Tex.R.App.P. 130(b). Ratcliff filed his application not only before a motion for rehearing was ruled upon, but before one was even filed.

In a similar case, *Johnson v. Sovereign Camp, W.O.W.*, 125 Tex. 329, 83 S.W.2d 605, 608 (1935), the supreme court held that an appeals court has no jurisdiction to rule upon a motion for rehearing after an application for writ of error is filed. The relevant sequence of events in *Johnson*[1] was as follows:

---

1. The circumstances of *Johnson* are rather involved and merit only a marginal reference.

Johnson sued a lodge to recover on a certificate insuring the life of her late husband. The lodge denied payment on the ground that the certificate had lapsed because of nonpayment of dues. Johnson responded that the lodge was estopped to assert nonpayment of dues as a defense. Johnson also sued the bank which had been instructed to make the monthly dues payments, alleging, conditionally, that if she was denied recovery against the lodge, then she should be entitled to recover against the bank.

After trial without a jury, the trial court rendered judgment in favor of Johnson against the lodge. The judgment recited that because Johnson's suit against the bank was stated in the alternative, and she was awarded recovery against the lodge, she was not entitled to recover against the bank. The lodge appealed. John-

son did not appeal from the judgment in favor of the bank.

The appeals court held that the lodge was not estopped to assert lapse due to nonpayment of dues, and reversed and remanded the case for a new trial. The court held that the judgment in favor of the bank was not before the court for review because Johnson had not appealed. *Sovereign Camp, W.O.W. v. Johnson*, 64 S.W.2d 1084 (Tex.Civ.App.—Austin 1933).

Apparently in response to a motion for rehearing, the court modified its judgment to affirm the judgment in favor of the bank and specify that no new trial was required for Johnson's claim against the bank. Johnson then filed a second motion for rehearing, contending that the judgment in favor of the bank should also be reversed and a new trial ordered as to her claims against the bank. The court granted Johnson's second motion for rehearing.

—Appeals court issued opinion.

—Apparently, first motion for rehearing filed, although no indication of when.

—Appeals court modified judgment.

—Second motion for rehearing filed.

—Application for writ of error filed.

—Appeals court granted second motion for rehearing.

On these facts, the supreme court held: When [the] application for writ of error was filed with the clerk of the Court of Civil Appeals, the jurisdiction of the Supreme Court immediately attached, and thereafter the Court of Civil Appeals was without authority to make any order in the case. Its judgment purporting to sustain the second motion for rehearing and remanding the whole case was without effect.

Thus, the supreme court held that the filing of an application for writ of error deprives the appeals court of the jurisdiction to rule on a pending motion for rehearing.[2]

We distinguish no difference in the effect upon an appellate court's jurisdiction to consider a motion for rehearing of an application for writ of error filed before a ruling on a pending motion for rehearing and one filed before filing of a motion for rehearing. One rule should govern both situations, and we are constrained to follow *Johnson.* This conclusion is also consistent with the duty of the clerk of this court to forward an application for writ of error to the clerk of the supreme court promptly after the application is filed, along with the entire record. Tex.R.App.P. 132(a).

The conclusion we reach is not free of difficulty. For instance, our reading of *Johnson* would seem to allow one party to an appeal, by filing an application for writ of error, to cut off all other parties' opportunity to obtain rulings from the appeals court on their motions for rehearing. Texas Rule of Appellate Procedure 131(e) states:

Whether the matter complained of [in an application for writ of error] originated in the trial court or in the court of appeals, it shall be assigned as error in the motion for rehearing in the court of appeals.

The supreme court has interpreted this identical language in predecessor rules as requiring the overruling of a motion for rehearing in the court of appeals prior to the filing of an application for writ of error. *Dawkins v. Van Winkle,* 377 S.W.2d 830 (Tex.1964). If this prerequisite is not met, the supreme court has held that it has no jurisdiction to consider the case. *Id.; see also State Board of Morticians v. Cortez,* 157 Tex. 649, 308 S.W.2d 12 (1957) (filing motion for rehearing a jurisdictional prerequisite). Could a party, by filing an application for writ of error prior to an appeals court's ruling on another party's motion for rehearing, divest both the appeals court of jurisdiction to rule on that motion, and perforce, the supreme court of jurisdiction to consider the latter party's application for writ of error? *Johnson* appears to allow this obviously unjust result.

The conclusion we reach is also not free of doubt. In *Ammex Warehouse Co. v. Archer,* 381 S.W.2d 478 (Tex.1964), the supreme court stated in dicta at best only tangentially related to its holding:

It is a rule of general application that when an appeal is perfected to the Court of Civil Appeals, the latter Court (subject to the right of the trial court to grant a motion for new trial in term time ... and

---

While Johnson's second motion for rehearing was pending, Johnson filed an application for writ of error, perhaps concerned that the time for filing the application began to run from the ruling on her first motion. The bank and the lodge also applied to the supreme court for writ of error.

For two reasons, the supreme court reversed the appeals court's judgment insofar as it reversed the trial court's judgment in favor of the bank on Johnson's second motion for rehearing. First, the supreme court held that Johnson could not complain of the judgment in favor of the bank because she had not appealed. Second, the supreme court held that the court of appeals lacked jurisdiction to rule on the second motion for rehearing after the application for writ of error was filed.

2. That it was Johnson's second motion for rehearing is inconsequential. After the appeals court modified its judgment, Johnson was entitled to file the second motion. *Bain Peanut Co. v. Pinson & Guyger,* 119 Tex. 572, 34 S.W.2d 1090 (1931). *See also* Tex.R.App.P. 100(d).

absent statutory exception), acquires plenary exclusive jurisdiction over the entire controversy.... *Similarly*, when an application for writ of error is filed in this Court, our jurisdiction, which is *likewise* exclusive in nature, attaches to the cause. [*Johnson* cited.]

[Emphasis added.] If the appeals court's exclusive jurisdiction does not preclude the district court from granting a new trial, Tex.R.Civ.P. 329b(d), (e), then "similarly", the supreme court's "likewise exclusive" jurisdiction should arguably not preclude the appeals court from granting, or at least ruling on, a motion for rehearing. We cannot accept this argument for two reasons. First, it relies too heavily on a reading of *Ammex* more exacting than its dicta allow. Indeed, the *Ammex* court's citation of *Johnson* as authority for its statement quoted above signifies that it intended to say no more than *Johnson* says. Second, although a trial court is authorized to rule on a motion for new trial after an appeal is perfected, that authorization expires 105 days after the judgment is signed. Tex.R. Civ.P. 329b. If an appeals court were authorized to rule on a motion for rehearing after an application for writ of error was filed, no similar limit on its authority exists. We cannot read dicta in *Ammex* to give appeals courts unlimited authority to rule upon motions for rehearing. Nevertheless, *Ammex* casts some doubt on *Johnson*.

Whatever the difficulties and doubts with *Johnson*, its holding at least is clear. We are constrained to follow its plain language. Accordingly, we dismiss Ratcliff's motion for rehearing for want of jurisdiction.