Lisa Beth ROSE, Alton Rose, and
Frances Rose, Relators,

v.

COURT OF APPEALS FOR the FIFTH
SUPREME JUDICIAL DISTRICT,
Respondent.

No. C–8430.

Supreme Court of Texas.

March 9, 1989.

Rehearing Denied Nov. 8, 1989.

W. James Kronzer, Jr., Ronald D. Krist,
Krist, Gunn, Weller, Neumann & Morrison,
Houston, John H. Hagler, Douglas D.
Mulder, Dallas, for relators.

R. Brent Cooper, Michael W. Huddleston,
Cowles & Thompson, Robert A. Gwinn,
Gwinn & Roby, Dallas, for respondent.

## ORDER OF THE SUPREME
COURT OF TEXAS

Be it remembered that relators' motion
for leave to file petition for writ of prohibi-
tion and petition for writ of prohibition
came on for consideration by the Supreme
Court of Texas on the ninth day of March,
1989, and it is the opinion of the court that
relators are entitled by law to relief. This
court has jurisdiction over this prohibition
proceeding both to enforce its order and
opinion in No. C–6577, *Doctors Hospital
Facilities d/b/a Doctors Hospital et al. v.
Fifth Court of Appeals et al.*, 750 S.W.2d
177 (Tex.1988), and to protect its jurisdic-
tion over No. C–6535, *Lisa Beth Rose et al.
v. Doctors Hospital Facilities et al.*, in
which this court granted the Roses' applica-
tion for writ of error and retained jurisdic-
tion. A majority of the court finds that the
opinion on rehearing and orders connected
with the court of appeals' granting of Doc-
tors Hospital Facilities, et al.'s motion for
rehearing conflicts with this court's opinion
in No. C–6577 and interferes with this
court's jurisdiction in No. C–6535, and that
pursuant to Tex.R.App.P. 121(c), relators
may be unduly prejudiced by delay and
conflicting appellate time deadlines if relief
is not immediately granted.

It is therefore ordered that:

1. Leave to file is granted.

2. Relators are granted leave to sup-
plement and amend their application for
writ of error in No. C–6535, to submit
new points and to rebrief pending points
addressing the new opinion, judgment,
and orders related thereto by the court
of appeals.

3. Relators need not file a motion for
rehearing in the court of appeals to pre-
serve the right to assert error related to
the new opinion, judgment, and orders of
the court of appeals.

4. The time for filing any conditional
or successive applications under Tex.R.
App.P. 130(c) by any real parties in inter-
est (respondents in No. C–6535), shall be
computed as ten additional days from the
date relators file an amended or supple-
mented application; provided that if rela-
tors fail to timely file an amended or
supplemented application, the real par-
ties in interest shall have forty days
from the date of this order to file their
applications.

5. Real parties in interest need not file any motion for rehearing in the court of appeals to preserve the right to assert error related to the new opinion, judgment and orders of the court of appeals.

6. The court of appeals shall not accept or rule on any further motions for rehearing by any parties in this case.

7. The court of appeals shall not issue any mandate in this case pending further order of this court.

8. Real parties in interest, pursuant to Tex.R.App.P. 136(a), shall have fifteen days after relators file any amended or supplemented application to file their replies; provided that if relators fail to timely file an amended or supplemented application, the real parties in interest shall have forty-five days from the date of this order to file replies.

9. The court of appeals shall forward the whole record in this case, to be docketed under No. C–6535.

10. Any successive application, motion, or other request for relief which would otherwise have been filed in the court of appeals shall be filed directly in this court under Docket No. C–6535.

The prohibition is granted, but writ will be issued only if necessary.