**WADSWORTH BUSINESS CENTER– WILLOWBROOK LIMITED PARTNERSHIP, et al., Appellants,**

v.

**George T. CONNELL, Jr., et al., Appellees.**

**No. 05–87–00739–CV.**

Court of Appeals of Texas, Dallas.

May 23, 1989.

Dissenting Opinion of Justice Howell May 31, 1989.

Rehearing Denied Aug. 3, 1989.

Michael G. Wimer, Curtis L. Frisbie, Cynthia Hollingsworth, Dallas, Jesse R. Pierce, Thomas A. Croft, Houston, for appellants.

F. Franklin Honea, Dallas, for appellees.

Before HOWELL,[1] LAGARDE and KINKEADE, JJ.

## ON SECOND MOTION FOR REHEARING

LAGARDE, Justice.

Appellants have filed a timely second motion for rehearing, after we modified our original judgment upon appellants' first motion for rehearing. In the meantime, appellees have timely filed an application for writ of error with the Supreme Court of Texas. For the reasons given below, we hold that we lack jurisdiction to do anything at all with appellants' second motion for rehearing. We therefore dismiss for want of jurisdiction.

We issued our original opinion on June 9, 1988. Timely filed crossmotions for rehearing were filed. After deliberating the motions, we withdrew our original opinion, granted appellants' motion for rehearing in certain respects, and issued a new opinion, with a new judgment accordingly, on February 13, 1989. Fifteen days later, on February 28, appellants timely filed a second motion for rehearing, the motion now at issue. While the second motion awaited its ten-day response, on March 10, 1989 (the day that a response to appellants' second motion was due), appellees filed an application for writ of error to the Supreme Court of Texas. We hold that by doing so, appellees placed the complete jurisdiction of this cause before the Supreme Court and totally divested this Court of jurisdiction.

The narrow question is whether this Court retains any jurisdiction over a cause when: (1) the Court, on rehearing, modifies its original judgment, vacates its original judgment and renders a new judgment, or hands down an opinion in connection with the overruling of a motion for rehearing; (2) a party desiring to complain of that action files a further motion for rehearing, pursuant to rule 100(d) of the Texas Rules of Appellate Procedure; and, (3) in the meantime, while the second motion for rehearing remains pending, the movant's adversary files an application for writ of error to the Supreme Court. *See* TEX.R. APP.P. 100(d).

We have held, under facts nearly impossible to distinguish, that the filing of an application for writ of error with this Court's clerk causes the jurisdiction of the Supreme Court to attach immediately, leaving this Court without authority to make any order (except one of dismissal) in the case. *Ratcliff v. National County Mutual Fire Insurance Co.*, 745 S.W.2d 75, 77 (Tex.App.—Dallas 1988, writ dism'd w.o.j.) (on mot. for reh'g). *Ratcliff* acknowledged, in dictum, that there were conceptual difficulties with the result: if this Court were divested of its jurisdiction by the application's filing, but if the Supreme Court did not acquire jurisdiction until this Court had disposed of every timely filed motion remaining pending before it, we expressly questioned whether the divestiture of both Courts' jurisdiction would result. *Ratcliff,* 745 S.W.2d at 77. We further acknowledged, again in dictum, that our holding in *Ratcliff* could, at least under certain circumstances, lead to an "obviously unjust

---

1. Inasmuch as the deadline for preparation of a dissent, pursuant to internal operating rule 5.09(c), expired on April 27, 1989, this opinion is ordered issued, noting that Justice Howell has indicated he dissents.

result." *Id.* Yet we felt that controlling authority left us no choice. As a result, we dismissed a further motion for rehearing, filed pursuant to rule 100(d), because we felt that we lacked jurisdiction to do otherwise.

In *Ratcliff*, the appellant had filed his application for writ of error and, three days later, had filed a second motion for rehearing with this Court. *See id.* Thus, the same party—Ratcliff—had a motion for rehearing pending with this Court and an application for writ of error to the Supreme Court pending simultaneously. The Supreme Court dismissed Ratcliff's application for writ of error for want of jurisdiction. Its order doing so contained the annotation: "See: *Cowan v. Fourth Court of Appeals*, 722 S.W.2d 140 (Tex.1987)." 31 Tex.Sup.Ct.J. 200 (Feb. 10, 1988). *Cowan* held that there was nothing in the Texas Rules of Appellate Procedure to "afford courts of appeals the discretion to deny a party the right to file a motion for rehearing." *Cowan v. Fourth Court of Appeals*, 722 S.W.2d 140, 140 (Tex.1987) (per curiam).

Although *Cowan* involved a court of appeals' attempt to bar an appellant from filing any motion for rehearing whatsoever, even a timely motion, *id.*, we could not miss the import of the Supreme Court's annotation on its order dismissing Ratcliff's application for want of jurisdiction. The necessary implication was that we had abused our discretion in failing to act upon Ratcliff's motion for rehearing, even if he was the same party who had filed the application to the Supreme Court, thereby attempting to invoke that Court's plenary jurisdiction. We awaited the inevitable; Ratcliff filed a motion for leave to file a petition for writ of mandamus with the Supreme Court. His complaint was predictable. Nonetheless, in cause no. C–7409, *Vincent F. Ratcliff v. Fifth Court of Appeals*, the Supreme Court denied Ratcliff leave to file his petition. 31 Tex.Sup.Ct.J. 481 (Jun. 1, 1988). It subsequently denied his motion for rehearing of his motion for leave. 31 Tex.Sup.Ct.J. 543 (Jun. 29, 1988).

During the time Ratcliff was living through the procedural nightmares that had vexed us in our own opinion, we faced the same situation in yet another case. The facts are set forth in *Doctors Hospital Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177 (Tex.1988). We had rendered a judgment on a verdict in favor of Rose in a wrongful-death action against Doctors Hospital. *See Rose v. Doctors Hospital Facilities*, 735 S.W.2d 244, 245 (Tex.App.—Dallas 1987, writ granted). Each party filed a timely motion for rehearing. We sustained one point of error in Rose's motion for rehearing and thereafter rendered a new judgment. Doctors Hospital filed a second motion for rehearing but, before it could be acted upon, Rose filed an application for writ of error. We held that Doctors Hospital's second motion for rehearing should be dismissed for want of jurisdiction. The Supreme Court noted that "[a]pparently, the court of appeals was of the opinion that the filing of an application for writ of error wholly divested it of jurisdiction over the cause." *Doctors Hospital*, 750 S.W.2d at 177–78.

The Supreme Court explicitly held that this Court "had jurisdiction to rule upon Doctors Hospital's Motion for Rehearing, notwithstanding the fact that an application for writ of error had been filed." *Doctors Hospital*, 750 S.W.2d at 179. The Supreme Court acknowledged:

> the general principle that a lower court has no power to vacate or change its judgment in a case, after the plenary jurisdiction of a higher tribunal has attached. ... However, there is no basis for applying these principles to the situation presented in this case.

> The rules expressed in [earlier authorities] rest upon the more basic principle that one court should not interfere with the jurisdiction of another, expecially when the latter is a higher tribunal. This principle is, of course, necessary to the orderly and efficient administration of justice. However, justice is not served by a rule that allows one litigant to deprive the other of the right to invoke the appellate jurisdiction of this court, merely by invoking it first. *More-*

*over, a ruling by the court of appeals on Doctors Hospital's Second Motion for Rehearing would not interfere with the jurisdiction of this court. In fact, such a ruling would facilitate and indeed provide a necessary predicate for the exercise of our jurisdiction....*

*Doctors Hospital,* 750 S.W.2d at 170 (citations omitted; emphasis added).

The Supreme Court then acknowledged that our action in *Doctors Hospital,* dismissing Doctors Hospital's second motion for rehearing, was a result "countenance[d]" by earlier Supreme Court authority. *See Johnson v. Sovereign Camp, W.O.W.,* 125 Tex. 329, 83 S.W.2d 605, 607–08 (1935). The Supreme Court simply overruled *Johnson,* "to the extent that it conflicts with our decision in [*Doctors Hospital*]." *Doctors Hospital,* 750 S.W.2d at 179. It did so on the authority of an opinion that, according to the Supreme Court, "rightly criticized" *Johnson* as " 'obviously unjust.' " The authority cited for that criticism was the dictum in our own *Ratcliff* opinion, 745 S.W.2d at 77. The Supreme Court did not attempt to harmonize the result in *Ratcliff* with the result in *Doctors Hospital.*

The Supreme Court concluded that we had had a legal duty to "either grant or overrule the motion [for rehearing], depending upon [our] view of the merits." *Doctors Hospital,* 750 S.W.2d at 179. We were directed to vacate our order dismissing Doctors Hospital's second motion for rehearing and to rule upon its merits. We did so. On February 22, 1989, we granted Doctors Hospital's second motion for rehearing, reversed the trial court's judgment, and remanded the cause for new trial. Simply overruling Doctors Hospital's second motion for rehearing would have resolved all remaining issues pending in this Court and would have given the Supreme Court unequivocal jurisdiction over the entire cause. It would have been an expedient method of solving the jurisdictional difficulty. Expediency, however, was not what the Supreme Court directed. It directed us to make a ruling. If we have a legal duty to exercise our judicial office

and act upon a motion, we must have the authority to grant or overrule the motion. If, under the circumstances that pertained in *Ratcliff* and *Doctors Hospital* and now pertain here, we have the authority only to overrule a motion for rehearing, then we have no power to act adjudicatively. The power to dispose of a motion in only one way is the power of a clerk, not of a court. Therefore, we concluded that we had the full authority to grant, as well as to overrule, Doctors Hospital's second motion for rehearing. In any case, the Supreme Court had, as mentioned earlier, expressly said that we had had the duty either to grant or to overrule Doctors Hospital's second motion for rehearing.

The result in the *Doctors Hospital* litigation was again predictable: Rose now filed a third motion for rehearing in this Court and, simultaneously, filed a motion for leave to file a petition for writ of prohibition in the Supreme Court. Rose argued that we were interfering with the Supreme Court's jurisdiction and requested the Supreme Court to prohibit this Court, as respondent, from taking any further action in the litigation.

Without an opinion but only with an order, the Supreme Court conditionally granted Rose a writ of prohibition. *Rose v. Fifth Court of Appeals,* 778 S.W.2d 66, (1989). Its order expressly recited that our "opinion on rehearing and orders connected with [our] granting of Doctors Hospital's [second] motion for rehearing conflict[ed] with [the Supreme Court's] opinion in No. C–6577 [*Doctors Hospital*] and interfere[d] with [the Supreme Court's] jurisdiction in No. C–6535 [*Rose*]". *Rose v. Fifth Court of Appeals,* 778 S.W.2d at 66.

The *Rose* order put this Court at an impasse. The *Doctors Hospital* opinion had stated that we had a legal duty to rule, either by granting or overruling, on Doctors Hospital's second motion for rehearing; the *Rose* order stated that our opinion and orders connected with our granting the motion conflicted with its *Doctors Hospital* opinion. The *Doctors Hospital* opinion had said that our ruling would not only "not

interfere with," but would in fact "facilitate and indeed provide a necessary predicate for," the Supreme Court's jurisdiction in the case; the *Rose* order flatly stated that our ruling did interfere with the Supreme Court's jurisdiction. A writ of mandamus would issue to compel us to do that which a writ of prohibition would issue to forbid us to do.

Perhaps the *Rose* order gives the Supreme Court's latest suggestion for breaking that impasse. It expressly permitted the parties to file new motions for rehearing (complaining of our action in disposing of Doctors Hospital's second motion for rehearing) for the first time in the Supreme Court:

> 3. [*Rose*] need not file a motion for rehearing in the court of appeals to preserve the right to assert error related to the new opinion, judgment, and orders of the court of appeals.
>
> \*   \*   \*   \*   \*   \*
>
> 5. [Doctors Hospital] need not file any motion for rehearing in the court of appeals to preserve the right to assert error related to the new opinion, judgment and orders of the court of appeals.
>
> \*   \*   \*   \*   \*   \*
>
> 10. Any successive application, motion, or other request for relief which would otherwise have been filed in the court of appeals shall be filed directly in this court....

778 S.W.2d at 66–67. Apparently, the Supreme Court, at least in its *Rose* order, has decided that the way to prevent one party (by prematurely filing a writ of error application) from cutting off an adversary party's right to be heard on points raised in a second motion for rehearing is to permit the parties, on a case-by-case basis, to assert arguments in motions for rehearing for the first time in the Supreme Court. Apparently, the Supreme Court is willing to determine, on a case-by-case and writ-by-writ basis, when parties can assert points of error for the first time to it and when they cannot. If there is any other way to reconcile the messages that this Court has been receiving from the Supreme Court, we fail to see it.

Now we have still another case, the instant case, in which we face the same dilemma: what to do with a motion for rehearing after an application for writ of error has invoked the plenary jurisdiction of the Supreme Court. Based upon the Supreme Court's most recent action in the *Rose* litigation, we conclude that we have no jurisdiction to act. The plenary jurisdiction of the Supreme Court has been invoked; therefore, whatever further action occurs in this case must be whatever the Supreme Court deems appropriate. If the circumstances are such that appellees' application for writ of error works egregious harm by depriving us of the authority to consider appellants' second motion for rehearing, then the Supreme Court can exert, as it has exerted before, extraordinary measures to avert that harm. What it did by its *Rose* order, it can do again now by yet another order in an original proceeding.

In the absence of generally applicable authoritive principles, clearly enunciated by the Supreme Court, on which court has jurisdiction when a motion for rehearing and an application for writ of error are both properly, timely, and simultaneously filed, we defer completely to the Supreme Court. Certainly we satisfy neither ourselves, nor the Supreme Court, nor judicial economy, by the endless proliferation of extraordinary writs. One writ for one appeal should be enough.

We dismiss appellants' second motion for rehearing for want of jurisdiction.

HOWELL, J., dissents.

HOWELL, Justice, dissenting.

I dissent. The rules clearly provide that, in certain instances, a dissatisfied party has the unqualified right to file a second motion for rehearing in this Court. TEX.R. APP.P. 100(d). If that right is to be meaningful it cannot simply be defeated at the opponent's whim through the expedient of filing a precipitous application for writ of error.

The only sensible resolution is to hold that the writ application was premature and that jurisdiction remained with our

Court of Appeals. A premature writ application can easily be abated with no loss of rights to any party. After our Court has ruled upon the second motion for rehearing, the precipitous party may so advise the Supreme Court and may have his choice of (1) asking that his premature writ application be considered in view of the fact that the prematurity has been dissolved, (2) filing a revised application, or (3) withdrawing the premature application and filing no application at all.[1]

The law, we are told is logic; any other recourse is illogical. I therefore dissent from the dismissal of the second motion for rehearing. It must be considered on its merits.

## OPINION ON APPELLANTS' MOTION FOR RECONSIDERATION OF SECOND MOTION FOR REHEARING, AND, IN THE ALTERNATIVE, THIRD MOTION FOR REHEARING

LAGARDE, Justice.

This Court now has before it Appellants' Motion for Reconsideration of Second Motion for Rehearing, and, in the Alternative, Third Motion for Rehearing, in which appellants make this Court aware, by way of exhibits to such motion, of the ruling of the Supreme Court in connection with respondents' (appellants') unobjected-to Motion for Extension of Time to File Response to Application for Writ of Error filed by petitioners (appellees) on March 21, 1989. The verified exhibits reflect the following:

On February 24, 1989, all respondents (appellants) in this case filed a motion for extension of time to file response to application for writ of error asserting that petitioners' (appellees') application for writ of error was premature under the Supreme Court's decision in *Doctors Hospital Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177 (Tex.1988), and requesting a thirty-day extension of time in which to respond to the application.

Subsequent to its ruling in *Rose v. Fifth Court of Appeals*, 778 S.W.2d 66, (1989), the clerk of the Supreme Court, by way of a letter dated March 27, 1989, signed by Barry E. Pickett, deputy, informed counsel that "Motion for extension of time to file reply ... was granted with a notation. 'Reply is due to be filed in this office 30 days after overruling of the last timely filed motion for rehearing by any party in the Court of Appeals.'"

Appellants contend that, *at least in this case*, the Supreme Court appears to be adhering to its position in *Doctors Hospital*, and that its order granting extension cannot be squared with our holding on rehearing that this Court lacks jurisdiction to rule on appellants' second motion for rehearing.

In their response to appellants' motion for reconsideration, appellees have informed this Court that they, as petitioners, did not object to respondents' motion for extension of time; that they concur with

---

1. Contrary to the assertion of our majority (slip op. 3), the facts of *Ratcliff v. National County Mutual Fire Ins. Co.*, 745 S.W.2d 75, 77 (Tex.App.—Dallas 1988, writ dism'd w.o.j.) (on reh'g) are simple to distinguish. *The same party* there filed a writ application *succeeded* by his *first* motion for rehearing. In contrast, our case involves *the opposing party's* action of filing a writ application. Furthermore, unlike *Ratcliff*, the motion now being dismissed by our majority is a *second* motion for rehearing. A *second* motion for rehearing is, in certain instances being here present, a permissible action. However, bear in mind that a *first* motion is jurisdictional; a *second* motion, even when available, is only optional. TEX.R.APP.P. 100(d).

Ratcliff's writ application was premature; inasmuch as it preceded a ruling on a timely *first* motion for rehearing, it was void. It appears

that the Supreme Court treated it as such. Ratcliff's proper remedy would have been to withdraw his void and untimely writ application and thereafter press the Court of Appeals for a ruling on his motion for rehearing. If dissatisfied with the results of the rehearing, a timely and jurisdictional writ application could then have been prosecuted.

Presently, we deal with a second motion for rehearing. The writ application filed by the opponent to our movant was by no means void for preceding a *first* motion for rehearing. The law of appellate procedure must, nevertheless, be interpreted in a manner that will prevent an opponent from cutting off the valuable right of a litigant to present, and obtain from us, a ruling upon a second motion for rehearing. Any other approach opens the door to gamesmanship and sharp practice.

appellants' analysis of the Supreme Court's ruling; and that they expressly join in appellants' request for this Court to grant appellants' motion for reconsideration.

Given the agreement of the parties, and the uncertainty of the law regarding this Court's jurisdiction, as reflected in our opinion on second motion for rehearing, and subject to a subsequent determination by the Supreme Court that this Court lacks jurisdiction, we grant appellants' motion for reconsideration, and having done so, we overrule appellants' second and third motions for rehearing. Nothing contained herein, however, should be construed as holding either that we have jurisdiction or that we lack jurisdiction.

HOWELL, Justice, dissenting.

Again, I dissent. This Court may not avoid the jurisdictional issue. As indicated in the previous dissent of the writer, it should sustain our jurisdiction to consider the second motion for rehearing that has been presented to us. What this Court may not do is by-pass the jurisdictional issue.

A court without jurisdiction may not act. 16 TEX.JUR.3d *Courts* § 32. A court must always assure itself that its jurisdiction is proper whenever and however its jurisdiction comes into question. *Id.* § 33. Jurisdictional questions must even be noticed by a court on its own motion. *Id.* Moreover, jurisdiction may not be conferred by agreement of the parties. *Id.* § 35.

Neither is it proper for a Texas court to render advisory or hypothetical opinions. *California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960). Until our jurisdiction is established, we should not address the second motions now before us.

I therefore dissent from the Court's most recent opinion. I express no opinion on the merits of the motions now before the court.