NO. 07-00-0274-CV

IN THE COURT OF APPEALS FOR THE

SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 31, 2000

_______________________________

IN RE NEXSTAR BROADCASTING GROUP, INC.,

d/b/a KFDX CHANNEL 3 TV and DANA LOREAL BYERLEY, 

Relators

_______________________________

ORIGINAL PROCEEDING

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Nexstar Broadcasting Group. Inc, d/b/a KFDX Channel 3 TV and Dana Loreal Byerley petition for a writ of mandamus directing the Honorable Tom Neely, Judge of the 46th Judicial District, to vacate his order authorizing depositions pursuant to Texas Rule of Civil Procedure 202.1 
et. seq.
(footnote: 1)  The order, signed on March 24, 2000, permits Freddie Streit “to take the depositions of Joe Hall, . . . Byerley, and the custodian of the records for KFDX Newscenter 3 on oral examination” prior to the initiation of suit.  We deny the petition.

Standard of Review

It has long been the rule that mandamus is an extraordinary remedy.  
Canadian Helicopters, Ltd . v. Wittig
, 876 S.W.2d 304, 305 (Tex. 1994).  Simply put, it does not issue as a matter of course or simply because one desires same.  Rather, its issuance is contingent upon the satisfaction of at least two specific criteria.  Those criteria are 1) that the trial court clearly abused its discretion in acting or failing to act in a particular manner and 2) that the applicant has no adequate remedy at law.  
In re Daisy Mfg. Co.
, 17 S.W.3d 654, 658 (Tex. 2000); 
Canadian Helicopters, Ltd . v. Wittig
, 876 S.W.2d at 305; 
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992);
 Street v. Second Court of Appeals
, 715 S.W.2d 638, 639 (Tex. 1986).   Moreover, the heavy burden of satisfying these prongs lies with the party seeking relief.  
Canadian Helicopter, Ltd. v. Wittig
, 876 S.W.2d at 305.  For instance, as to the first prong (clear abuse of discretion), the relator must prove that the court had but one course of conduct to undertake given the circumstances involved, that same was demanded of the court, and that the court refused to pursue it.   
See
 
O’Connor v. First Court of Appeals
, 837 S.W.2d 94, 97 (Tex. 1992) (holding that the existence of a legal duty to perform a nondiscretionary act and a demand for performance coupled with refusal by the court are three requisites to mandamus); 
Doctors Hosp. Facilities v. Fifth Court of Appeals
, 750 S.W.2d 177, 178 (Tex. 1988) (holding the same).

As to the second prong, the relator’s burden entails more than merely showing that reversible error occurred.  As recognized by our Supreme Court, “the mere fact that a trial court has committed reversible error is not sufficient by itself to warrant mandamus relief.”  
In re Masonite Corp.
, 997 S.W.2d 194, 199 (Tex. 1999).  So too must relator do more than illustrate that the order is interlocutory and, therefore, not subject to an immediate appeal.  Indeed, a plethora of cases exemplify that truism.  For instance, one may not immediately appeal from an order involving venue; yet, mandamus is normally unavailable to review such orders.  
Id.
 at 197.  Similarly, an order denying a plea to jurisdiction is interlocutory yet normally beyond review through mandamus.  
In re Bay Area Citizens Against Lawsuit Abuse
,  982 S.W.2d 371, 375 (Tex. 1998).  

So, in view of the extraordinary nature of the relief at issue, the relator must establish not only the absence of opportunity to immediately appeal, but also the existence of irreparable harm if immediate relief is withheld.  
Canadian Helicopters, Ltd. v. Wittig
, 876 S.W.2d at 306.  Next, the latter “requirement is met only when parties are in danger of permanently losing substantial rights,” 
id., 
or when the effects of the error could not be cured on appeal.  
Walker v. Packer
, 827 S.W.2d at 843.  “Without a showing of such harm the record is wholly insufficient to establish that the [relator] lacked an adequate [legal] remedy.”  
Montalvo v. Fourteenth Court of Appeals
, 917 S.W.2d 1, 2 (Tex. 1995).  

Moreover, the foregoing need to prove irreparable harm is no less applicable in situations concerning discovery disputes.  
Walker v. Packer
, 827 S.W.2d at 842.   Additionally, the requirement can often be satisfied through illustrating that 1) privileged information will be revealed which materially affects the rights of the aggrieved party, 2) the discovery request “clearly constitutes harassment or imposes a burden on the [opposing] party far out of proportion to any benefit” that may be obtained by the proponent of the discovery, 3) the ability to present a viable claim or defense would be destroyed or severely compromised through compliance, or 4) the matter to be discovered cannot be made part of the appellate record (in situations where discovery is denied).  
Id.
 at 843.  Similarly, the likelihood that a constitutional right would be lost or impaired, 
In re Bay Area Citizens Against Lawsuit Abuse
 at 375-382; 
In re Maurer
, 15 S.W.3d 256, 259 (Tex. App.--Houston [14th Dist.] 2000, 
orig. proceeding
), or the presence of “‘exceptional  circumstances’”, 
In re Masonite Corp.
, 997 S.W.2d at 197, may also suffice to prove irreparable harm.  Yet, in any case, the relator must both assert that harm will occur and assure that the evidentiary record supports the assertion.

Application of Standard

Assuming 
arguendo
 that the 46th Judicial District Court abused its discretion in granting Streit relief under Rule 202, Nexstar and Byerley had the burden to prove that they lacked adequate legal remedy by which to review the trial court’s discovery order.  
Watson v. Packer
, 
supra
.  Admittedly, they attempted to do so, yet their effort merely consisted of arguing that the order in question was not subject to immediate appeal.  As discussed above, that was not enough.  It was incumbent upon them to also establish some type of irreparable harm.  Yet, nothing was said about potential disclosure of privileged information or the inability to pursue a claim or defense.
(footnote: 2)  

Admittedly, the Relators do argue (when addressing whether the trial court abused its discretion) that the “burden of compelling [them] to present their primary witnesses for deposition before a suit is filed clearly outweighs the likely benefit of permitting Streit to take the . ..  depositions.”  Furthermore, the argument could be persuasive under 
Walker v. Packer
 if proved.  Yet, we are offered no explanation as to how they are excessively burdened by undergoing deposition before suit.  Nor do we find a substantive effort by the Relators to balance the respective benefits enjoyed and burdens imposed upon each party.  In effect, the allegation is little more than a conclusion 
sans
 reference to the record.  Indeed, one could even interpret this argument as proposing that suit should be filed first, before the Relators undergo depositions, thereby reducing their burden.  But, how such a circumstance would reduce any supposed burdens goes unexplained.  

Nor do the allusions by Nexstar and Byerley to constitutional right and the alleged “chilling effect” of pre-suit depositions evince inadequate legal remedy.  This is so because the allusions also consist of nothing more than mere conclusions.  Indeed, assuming that the constitutional rights referred to are those found in the First Amendment to the United States Constitution (something which the Relators fail to reveal), we are left to guess as to how those rights, or any others, would be breached or chilled.  Simply put, the duty to present a complete argument rests with Nexstar and Byerley; we are not obliged to divine and develop argument for them.        

Finally, nothing is said of extraordinary or exceptional circumstances.  Unlike the situation in 
Masonite
, we are referred to no evidence of great burden on others or the needless expenditure of excessive sums of money.
(footnote: 3)  And, while there exists a likelihood that Nexstar and Byerley may have a viable defense to any resulting suit of Streit, that is exactly the possibility which Streit is entitled to test via Rule 202.1(b).  To the extent that the rule entitles him to test that possibility, it can hardly be suggested (as the Relators apparently do) that undergoing deposition to enable Streit to complete his testing equates undue burden, extraordinary circumstance, or harm.  

Nor can we hold that Nexstar’s status as a member of the media or Byerley’s post as a news reporter in and of themselves comprise extraordinary circumstance.  While the media and its personalities enjoy the right to free press under the First Amendment, that protection does not immunize them from suit or the application of the rules of civil procedure.      

In sum, both Nexstar and Byerley have failed to prove the absence of an adequate legal remedy.  To afford them a writ of mandamus under that circumstance would not only violate precedent but also minimize the extraordinary nature of the writ.  We choose to do neither.  For this reason, we deny their petition for writ of mandamus.

Brian Quinn

   Justice

Do not publish.

FOOTNOTES
1:
While the Relators requested oral argument, the applicable rule states that we “may” grant same.  
Tex R. App. P
.
 52.8(b)(4).  As such, oral argument is discretionary on the part of the court.  And, believing that it will not materially aid in the efficient and accurate disposition of this matter, we submit the cause on the written argument and record provided by the parties. 

2:
2
 We refer to the means by which harm is normally shown 
viz
 discovery disputes because Texas Rule of Civil Procedure 202.1 
et. seq
. and its predecessor, Texas Rule of Civil Procedure 187, have been deemed discovery vehicles.  
See Pelt v. State Bd. of Ins.
, 802 S.W.2d 822 (Tex. App.--Austin 1990, no writ).  Rule 202.1 states that “[a] person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either . . . (a) to perpetuate or obtain . . . testimony for use in an anticipated suit; or (b) to investigate a potential claim or suit.”  
Tex. R. Civ. P
.
 202.1(a) & (b).  Thus, its wording alone indicates that it is little more than a special means of conducting discovery.

3:
3
 In addition to this argument, Relators contend that Streit is going on a fishing expedition which is forbidden by the discovery rules.  At this point, there is nothing of record indicating Streit’s intention to exceed the scope of his complaints as stated in his petition and testified to at hearing.