NO. 07-03-0512-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 20, 2004

_____

IN RE: KENT PETERSON,
INDEPENDENT EXECUTOR FOR THE ESTATE OF
DON KYLE PETERSON, DECEASED,

Relator

_____

***MEMORANDUM OPINION***

_____

Before QUINN, REAVIS and CAMPBELL, JJ.,

Pending before the court is the petition for writ of mandamus filed by Kent Peterson, independent executor of the estate of Don Kyle Peterson, deceased (Peterson). Through it, he asks that we direct the Hon. Paula Lanehart, County Court at Law #3 (trial court), to vacate an order requiring him to provide to several beneficiaries of the estate certain pages of a federal estate tax return. The pages in question are those identifying the decedent, the estate's assets and liabilities, the estate's tax liability, the identity of those who received benefits from the estate, and the life insurance policies on the life of the decedent. According to Peterson, the estate is insolvent. We deny the petition.

### Standard of Review

It has long been the rule that mandamus is an extraordinary remedy. *Canadian Helicopters, Ltd . v. Wittig,* 876 S.W.2d 304, 305 (Tex. 1994). Simply put, it does not issue

as a matter of course or simply because one desires same. Rather, its issuance is contingent upon the satisfaction of at least two specific criteria. That is, the circumstances must illustrate that the trial court clearly abused its discretion in acting or failing to act in a particular manner and that the applicant has no adequate remedy at law. *Id.; Street v. Second Court of Appeals*, 715 S.W.2d 638, 639 (Tex. 1986). Moreover, the heavy burden of satisfying these prongs lies with the party seeking relief. *Canadian Helicopter, Ltd. v. Wittig*, 876 S.W.2d at 305. For instance, as to the first prong (clear abuse of discretion), the relator must prove that the court had but one course of conduct to undertake given the circumstances, that same was demanded of the court, and that the court refused to pursue it. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (holding that the existence of a legal duty to perform a nondiscretionary act and a demand for performance coupled with refusal by the court are three requisites to mandamus); *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 178 ( Tex. 1988) (holding the same).

As to the second prong, relator's burden is to prove that unless the writ issues, he is in danger of losing substantial rights. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d at 306; *see Montalvo v. Fourth Court of Appeals*, 917 S.W.2d 1, 2 (Tex. 1995) (refusing to award mandamus because the applicants failed to illustrate "harm," *i.e.* that the discovery sanction imposed upon them "deprived them of any ability to develop" pertinent evidence). Furthermore, that an appeal would be more expensive or involve more delay than mandamus is not tantamount to the loss of a substantial right, thus, more must be shown than that. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d at 306.

***Analysis***

*Purportedly Abused Discretion*

2

Peterson contends that the trial court abused its discretion in ordering the disclosure of the particular pages because they are irrelevant. And, they are purportedly irrelevant "because [they] concern non-probate assets, reflect property which is exempt from the claims of the creditors, and contain information that is confidential." Nor does the information "relate to any issue currently pending before the trial court." Furthermore, in arguing that they are irrelevant, he relies upon case law involving the discovery of matter via the Texas Rules of Civil Procedure. Neither these arguments nor the authority establishing the framework in which they are presented evinces an abuse of discretion, however.

The parties before us are not simply litigants in an ordinary suit. Rather, they are parties to a fiduciary relationship. *See Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996) (stating that executors owe beneficiaries a fiduciary duty). And, having such a relationship *viz* the beneficiaries at bar, the executor is obligated to disclose to them all material facts known and that *"might"* affect the beneficiaries' rights. *Id.* (emphasis added); *Trostle v. Trostle*, 77 S.W.3d 908, 914 (Tex. App.--Amarillo 2002, no pet.); *accord, Avary v. Bank of America, N.A.,* 72 S.W.3d 779, 796 (Tex. App.--Dallas 2002, pet. denied) (stating that the executor had a legal duty to disclose material information to the beneficiaries); *Lesikar v. Rappeport,* 33 S.W.3d 282, 296 (Tex. App.--Texarkana 2000, pet. denied) (stating that the executor owed the beneficiary a strict duty of good faith and candor, as well as the general duty of full disclosure respecting matters affecting the beneficiary's interest). More importantly, this duty exists independent of the discovery rules found in the Texas Rules of Civil Procedure. *Huie v. DeShazo,* 922 S.W.2d at 923. So too does it apply even though no litigious dispute exists. *Id.* In short, and contrary to Peterson's suggestion, the

3

standards and limitations set forth in the rules of civil procedure do not control the outcome at bar. Nor is his allegation that the information relates to no issue in any pending suit of consequence. Again, the duty of full disclosure is neither dependent upon the discovery rules or the existence of a pending lawsuit.

Next, it must be remembered that the information at issue here involves data about the estate's assets and their valuation for estate tax purposes, the estate's debts and their valuation, the estate's tax liability, and the identity of the decedent and beneficiaries who receive benefits for the estate. Furthermore, the data is sought because the executor has not compiled an inventory of the estate's property and claims that it is insolvent though the decedent owned substantial assets at the time of his death. Under these circumstances, the trial court had sufficient basis upon which to conclude not only that the tax return was material but also that the information in it "might" affect the rights of the beneficiaries. In short, Peterson did not establish that the trial court abused its discretion. *See Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 379 (Tex. 2001) (holding that a trial court does not abuse its discretion when its decision enjoys the support of evidence and law).

The relator having failed to satisfy his burden to prove an abuse of discretion, we deny the petition for a writ of mandamus.


Brian Quinn
Justice

4