NO. 07-06-0172-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 8, 2006



______________________________




IN THE INTEREST OF K.C.B., A CHILD



_________________________________



FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;



NO. 6951; HONORABLE PHIL VANDERPOOL, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 By order dated March 31, 2006, the trial court terminated the parental rights of
appellant Angela Melton. Pursuant to section 201.015 of the Texas Family Code (Vernon
2002), on April 3, 2006, Melton filed a notice of appeal to the referring court requesting de
novo review. The Texas Department of Family and Protective Services responded with a
motion to strike the notice of appeal for de novo review. A hearing was set on the matter. 
Meanwhile, Melton filed a notice of appeal with the trial court clerk expressing an intent to
appeal the termination order to this Court. Following the hearing, on June 19, 2006, the
trial court granted Melton's notice of appeal for de novo review to the referring court. 

 Pending before this Court is Melton's motion to dismiss the appeal filed here as
premature. She asserts there is no final judgment from which to appeal. See generally,
Key Western Life Ins. Co. v. State Bd. of Ins., 163 Tex. 11, 350 S.W.2d 839, 846 (1961)
(holding that de novo review is not an appeal, but an independent action). See also Lamar
County Appraisal Dist. v. Campbell Soup Co., 93 S.W.3d 642, 645 (Tex.App.-Texarkana 
2002, no pet.) (noting that trial de novo is a new trial on the entire case and cures all
procedural defects in the proceedings below). 

 We agree with Melton that there is no final judgment and grant the motion to dismiss
the appeal. Having dismissed the appeal at Melton's request, no motion for rehearing will
be entertained and our mandate will issue forthwith.

 Don H. Reavis

 Justice

 



manded of the court, and that the court refused to pursue
it. See O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (holding that the
existence of a legal duty to perform a nondiscretionary act and a demand for performance
coupled with refusal by the court are three requisites to mandamus); Doctors Hosp.
Facilities v. Fifth Court of Appeals, 750 S.W.2d 177, 178 ( Tex. 1988) (holding the same). 

 As to the second prong, relator's burden is to prove that unless the writ issues, he
is in danger of losing substantial rights. Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d
at 306; see Montalvo v. Fourth Court of Appeals, 917 S.W.2d 1, 2 (Tex. 1995) (refusing to
award mandamus because the applicants failed to illustrate "harm," i.e. that the discovery
sanction imposed upon them "deprived them of any ability to develop" pertinent evidence). 
Furthermore, that an appeal would be more expensive or involve more delay than
mandamus is not tantamount to the loss of a substantial right, thus, more must be shown
than that. Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d at 306. 

Analysis


 Purportedly Abused Discretion

 Peterson contends that the trial court abused its discretion in ordering the disclosure
of the particular pages because they are irrelevant. And, they are purportedly irrelevant
"because [they] concern non-probate assets, reflect property which is exempt from the
claims of the creditors, and contain information that is confidential." Nor does the
information "relate to any issue currently pending before the trial court." Furthermore, in
arguing that they are irrelevant, he relies upon case law involving the discovery of matter
via the Texas Rules of Civil Procedure. Neither these arguments nor the authority
establishing the framework in which they are presented evinces an abuse of discretion,
however. 

 The parties before us are not simply litigants in an ordinary suit. Rather, they are
parties to a fiduciary relationship. See Huie v. DeShazo, 922 S.W.2d 920, 923 (Tex. 1996)
(stating that executors owe beneficiaries a fiduciary duty). And, having such a relationship
viz the beneficiaries at bar, the executor is obligated to disclose to them all material facts
known and that "might" affect the beneficiaries' rights. Id. (emphasis added); Trostle v.
Trostle, 77 S.W.3d 908, 914 (Tex. App.--Amarillo 2002, no pet.); accord, Avary v. Bank of
America, N.A., 72 S.W.3d 779, 796 (Tex. App.--Dallas 2002, pet. denied) (stating that the
executor had a legal duty to disclose material information to the beneficiaries); Lesikar v.
Rappeport, 33 S.W.3d 282, 296 (Tex. App.--Texarkana 2000, pet. denied) (stating that the
executor owed the beneficiary a strict duty of good faith and candor, as well as the general
duty of full disclosure respecting matters affecting the beneficiary's interest). More
importantly, this duty exists independent of the discovery rules found in the Texas Rules
of Civil Procedure. Huie v. DeShazo, 922 S.W.2d at 923. So too does it apply even though
no litigious dispute exists. Id. In short, and contrary to Peterson's suggestion, the
standards and limitations set forth in the rules of civil procedure do not control the outcome
at bar. Nor is his allegation that the information relates to no issue in any pending suit of
consequence. Again, the duty of full disclosure is neither dependent upon the discovery
rules or the existence of a pending lawsuit. 

 Next, it must be remembered that the information at issue here involves data about
the estate's assets and their valuation for estate tax purposes, the estate's debts and their
valuation, the estate's tax liability, and the identity of the decedent and beneficiaries who
receive benefits for the estate. Furthermore, the data is sought because the executor has
not compiled an inventory of the estate's property and claims that it is insolvent though the
decedent owned substantial assets at the time of his death. Under these circumstances,
the trial court had sufficient basis upon which to conclude not only that the tax return was
material but also that the information in it "might" affect the rights of the beneficiaries. In
short, Peterson did not establish that the trial court abused its discretion. See Furr's
Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 379 (Tex. 2001) (holding that a trial court
does not abuse its discretion when its decision enjoys the support of evidence and law).

 The relator having failed to satisfy his burden to prove an abuse of discretion, we
deny the petition for a writ of mandamus.

 

 Brian Quinn

 Justice