NO. 07-01-0078-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 1, 2001

______________________________

IN RE JEFFREY KENT McLAURIN,

Relator

_________________________________

ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pending before the court is the petition of Jeffrey Kent McLaurin, 
pro se
, for writ of mandamus.  Through the latter, McLaurin apparently requests that we order that  Cause No. 62615-D be set for trial.  We deny the application for the following reasons.

First, whether McLaurin has standing to require the cause to be set for trial is unknown.  This is so because no pleadings or like documents were attached to his petition for writ of mandamus.  Nor did he allege that he is a party to the action, assuming the action even exists.  Thus, we do not know who the parties to Cause No. 62615-D are or if McLaurin is one of them.  

Second, the petition filed by McLaurin fails to comport with the dictates of Texas Rule of Appellate Procedure 52.  For instance, nowhere does he disclose the identity of the person or entity against whom relief is sought or otherwise identify all the parties involved.  
See Tex. R. App. P.
 52.3(a) & (d)(1) (requiring same).  Nor does it contain a table of contents, an index of authorities, a statement of the case, a statement of jurisdiction, or a statement of facts.  
See id.
 at 52.3(b), (c), (d), (e), & (g) (requiring same).   Nor did an appendix or record accompany the petition.  
See id.
 at 52.3(j) & 52.7 (requiring same).  Individuals acting 
pro se
 are no less responsible for complying with these rules than are those licensed to practice law.  
Holt v. F.F. Enterprises
, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied). 

Third, nothing appears of record disclosing that McLaurin moved or otherwise requested from a judge that Cause No. 62615-D be scheduled for trial.  Admittedly, he stated that he “has attempted to have this cause docketed,” but how he did so or whether his efforts were directed toward a judge is unknown.  This is of import because we cannot fault a trial court for omitting to act when it has never been requested to act. 
Doctors Hosp. Facilities v. Fifth Court of Appeals
, 750 S.W.2d 177, 178 (Tex. 1988) (stating that the requisites for mandamus are a legal duty to perform a non-discretionary act, a demand for performance, and a refusal).     

Fourth, nothing appears of record disclosing the age of Cause No. 62615-D, its complexity, the number of other cases pending on the trial court’s docket, the number of cases pending on the docket longer than Cause No. 62615-D, the number of cases pending on the docket that lawfully may be entitled to preferential settings, or the trial court’s trial schedule.  These factors and like indicia are pivotal in determining whether a trial court has abused its discretion or otherwise acted unreasonably in setting a case for trial.  Simply put, a trial court has great discretion over its docket.  While it cannot opt to forever avoid trying a cause, a litigant is not entitled to a trial at whatever time he may choose.  So, before we can determine whether a trial court clearly abused its discretion for purposes of mandamus, we must have pertinent, undisputed information before us on which to base our decision.  Such information is absent here.

For the reasons stated above, we deny the petition for mandamus.

Brian Quinn

   Justice

Do not publish.