NO. 07-02-0343-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 8, 2003



______________________________




C. JASON WAGNER, INDIVIDUALLY, AND D/B/A


THE WAGCO CO., APPELLANT



V.



T. J. MEARS AND ZONA MEARS, INDIVIDUALLY AND


IN THEIR CAPACITY AS TRUSTEES FOR THE 


MEARS FAMILY LIVING TRUST, APPELLEES




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 48,464-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 In this proceeding, appellant Jason Wagner, individually and d/b/a The Wagco Co.,
appealed a judgment in favor of appellees T.J. Mears and Zona Mears, individually and
in their capacity as trustees for the Mears Family Living Trust.

 However, the parties have now filed a motion in which they certify that they have
settled and compromised all claims and controversies between them and neither of them
desires to pursue the appeal. The motion is in proper form and is filed before this court
has rendered any opinion in the case.

 Accordingly, the parties' motion is granted and the appeal is dismissed. Tex. R.
App. P. 42.1(a). Having dismissed the appeal at the parties' request, no motion for
rehearing will be entertained and the mandate will issue forthwith.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 



t-family: Arial">Pursuant to Tex. Gov't. Code Ann. § 22.221 (Vernon 1988 & Supp. 2000)
("TGCA"), a court of appeals has jurisdiction to issue writs of mandamus (1) to enforce its
jurisdiction, or (2) against certain judges of or acting within the district of the court of
appeals. TGCA § 22.221(a),(b). A writ of mandamus is an extraordinary remedy that will
issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by
law, when (2) there is no other adequate remedy by law. See Canadian Helicopters Ltd.
v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994).

 To establish the first requirement for mandamus relief, an abuse of discretion, the
complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or
without reference to guiding rules and principles. Downer v. Aquamarine Operators, 701
S.W.2d 238, 241-42 (Tex. 1985). An abuse of discretion may also be established by proof
that (1) the trial court had a legal duty to perform a non-discretionary act, (2) a demand for
performance was made, and (3) the trial court refused to act. O'Connor v. First Court of
Appeals, 837 S.W.2d 94, 97(Tex. 1992); Doctors Hosp. Facilities v. Fifth Court of Appeals,
750 S.W.2d 177, 178 (Tex.1988). 

 When petition for writ of mandamus is made, it is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth District Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

 To the extent relator requests issuance of mandamus directed to the district clerk,
we do not have jurisdiction to issue mandamus directed to the clerk. Such claims are
dismissed for want of jurisdiction. 

 To the extent relator requests issuance of mandamus directed to respondent, he
has not provided a copy of the order dismissing his suit nor any other document or
transcript of testimony related to the trial court proceedings other than the documents
noted above. He simply alleges, without evidentiary support via affidavits, testimony or
documents, that respondent violated the Judicial Code of Conduct, the United States
Constitution, and "the Law", and that the order of dismissal which is not before us was
unconstitutional in some manner. Mere allegations do not fulfil relator's burden to show
he is entitled to the extraordinary relief of mandamus. 

 In sum, relator has not presented a record which shows entitlement to the relief
sought, or upon which we are authorized to act. The relief sought against the district clerk
is dismissed for want of jurisdiction. The claims and relief sought against respondent are
denied.

 Phil Johnson

 Chief Justice