NO. 07-04-0112-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 1, 2004

_____

IN RE: ROGER BOLLINGER, RELATOR

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Relator Roger Bollinger seeks issuance of a writ of mandamus against the Honorable Abe Lopez, Judge of the 108th District Court of Potter County. We dismiss in part and deny in part.

On March 22, 2004, relator filed with the clerk of this court a pleading entitled Petition for Writ of Mandamus. Relator makes numerous allegations in his petition, but the underlying basis for his seeking issuance of mandamus is that he filed a suit in the 108th District Court and that the suit was dismissed pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code ("TCPRC"). We are requested to (1) order respondent and the District Clerk, Caroline Woodburn, to adhere to their oaths of office, (2) adhere to certain canons of the Code of Judicial Conduct and obey the law and U.S. Constitution, (3)

hold the trial court's order of dismissal unconstitutional and an abuse of discretion, and (4) issue a writ of prohibition prohibiting respondent from enforcing the provisions of TCPRC Chapter 14 because enforcement of such law would violate respondent's oath of office, canons of the Code of Judicial Conduct, and "Supreme Ct. Precedents."

In support of the petition for writ of mandamus, relator attached a copy of what he asserts he filed as a petition in the trial court, a notice from the district clerk's office that his suit had been dismissed pursuant to TCPRC Chapter 14, and a letter from the district clerk advising relator that if he wished to receive a file-marked copy of his petition, relator should furnish the clerk a stamped, self-addressed envelope. No other document or record of proceedings is attached to or furnished in support of the petition.

Pursuant to TEX. GOV'T. CODE ANN. § 22.221 (Vernon 1988 & Supp. 2000) ("TGCA"), a court of appeals has jurisdiction to issue writs of mandamus (1) to enforce its jurisdiction, or (2) against certain judges of or acting within the district of the court of appeals. TGCA § 22.221(a),(b). A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no other adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994).

To establish the first requirement for mandamus relief, an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. Downer v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985). An abuse of discretion may also be established by proof

that (1) the trial court had a legal duty to perform a non-discretionary act, (2) a demand for performance was made, and (3) the trial court refused to act. O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97(Tex. 1992); Doctors Hosp. Facilities v. Fifth Court of Appeals, 750 S.W.2d 177, 178 (Tex.1988).

When petition for writ of mandamus is made, it is the relator's burden to show entitlement to the relief being requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

To the extent relator requests issuance of mandamus directed to the district clerk, we do not have jurisdiction to issue mandamus directed to the clerk. Such claims are dismissed for want of jurisdiction.

To the extent relator requests issuance of mandamus directed to respondent, he has not provided a copy of the order dismissing his suit nor any other document or transcript of testimony related to the trial court proceedings other than the documents noted above. He simply alleges, without evidentiary support via affidavits, testimony or documents, that respondent violated the Judicial Code of Conduct, the United States Constitution, and "the Law", and that the order of dismissal which is not before us was unconstitutional in some manner. Mere allegations do not fulfil relator's burden to show he is entitled to the extraordinary relief of mandamus.

In sum, relator has not presented a record which shows entitlement to the relief sought, or upon which we are authorized to act. The relief sought against the district clerk

is dismissed for want of jurisdiction.  The claims and relief sought against respondent are denied.

Phil Johnson
Chief Justice