In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-530 CV


____________________



IN RE HERBERT FEIST






Original Proceeding






 MEMORANDUM OPINION 


 This original proceeding filed by Herbert Feist seeks mandamus relief and complains
that although he filed suit in 2002, the trial court impeded its progress. We deny the petition.

 According to the relator, the suit below, Cause No. A-168650, is an injunction petition
filed because habeas corpus is not available to challenge the validity of his conviction. Relief
through a writ is unavailable because Feist has been cited for abuse of the writ. Feist named
as defendants in this suit the Court of Criminal Appeals, the 252nd District Court, and the
Jefferson County District Clerk. The trial court dismissed Feist's claims against the Court
of Criminal Appeals and imposed monetary sanctions, but did not act on pending claims
against the district court or the district clerk. See Feist v. The Two Hundred Fifty-Second
District Court, No. 06-05-004 CV, 2005 WL 839490 (Tex. App.-Texarkana Apr. 13, 2005,
pet. denied) (memo. op.). Feist perfected an appeal in December 2004, the Supreme Court
transferred the appeal pursuant to a docket equalization order, and the appellate court
dismissed the appeal as interlocutory. Id. The mandate with respect to the prior appeal
issued on October 6, 2005, and Feist does not describe his subsequent efforts to bring any
motions to the attention of the trial court. 

 Feist claims that the trial court ignores the documents he files, including a recusal
motion. Feist further complains that the trial court entered an order of sanctions against him
and has refused to enter any appealable orders in his case. To be entitled to mandamus relief,
Feist must establish a legal duty to perform a non-discretionary act, a demand for
performance, and a refusal. Doctors Hosp. Facilities v. Fifth Court of Appeals, 750 S.W.2d
177, 178 (Tex.1988). 

 Cause No. A-168650 has been on appeal for the past year, and Feist fails to establish
that he brought his complaints to the trial court's attention at any time since the appellate
court's mandate returned the case to the trial court. The delay in dealing with Feist's motions
could be attributable to the relator's failure to properly present the motions or to the appeal
process. The trial court has the inherent power to control its docket. See Dow Chemical Co.
v. Francis, 46 S.W.3d 237, 240 (Tex. 2001). The documents and facts the relator presents
in his petition do not establish that the trial court abused its discretion.

 Feist claims the trial court improperly dismissed his claims against the Court of
Criminal Appeals before ruling on his motion to recuse, but the relator provides no
documentary support to establish that the trial court failed to comply with the mandatory
recusal procedure. See Tex. R. App. P. 18a. 

 The relator also objects to telephone hearings as a substitute for hearings at which he
is physically present in the courtroom, but fails to provide a record to establish any
impediment to his access to the courts. The relator also claims the Office of the Attorney
General lacks the authority to represent district clerks and trial judges and improperly
represented all the defendants in the case, but he supplies no authority prohibiting such
representation. Feist also claims that the trial court erred in applying Chapter 14 of the Civil
Practice and Remedies Code to a criminal case, but it appears the instant suit is a civil action
rather than a criminal prosecution. Furthermore, Feist fails to explain why his complaints
cannot be adequately addressed on appeal from the final judgment. 

 Mandamus will issue only to correct a clear abuse of discretion or violation of a duty
imposed by law when that abuse cannot be remedied by appeal. Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex.1992); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992). 
 The relator has neither demonstrated that the trial court abused its discretion, nor shown that
he is entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied. 


 WRIT DENIED. PER CURIAM

Opinion Delivered January 12, 2006 

Before McKeithen, C.J., Kreger and Horton, JJ.